ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JULIE RHODES LATHAM, Individually      *
and as Administratrix of the Estate of      *
RUFUS ROBERT RHODES, Deceased.      *
     *
        Plaintiff      *
     *
        v.      *  CASE NUMBER: **CV504-098**
     *
WARE COUNTY, GEORGIA; RONNIE      *
McQUAIG, in his Official Capacity as      *
Sheriff of Ware County, Georgia; WARE      *
COUNTY EMERGENCY MEDICAL      *
SERVICES; MARK WALKER, in his      *
Official Capacity as Director of WARE      *
COUNTY EMERGENCY MEDICAL      *
SERVICES; AEDEC INTERNATIONAL,      *
INC.; PETER WROBEL, M.D.; and      *
BLACKSHEAR FAMILY PRACTICE,      *
P.C ,      *
     *
        Defendants      *

## NOTICE OF REMOVAL OF CIVIL ACTION

COME NOW, all defendants in the above-styled case, and file this Notice of Removal

pursuant to 28 U.S.C. §§ 1441 and 1446, and respectfully show the Court the following:

1.     The case of <u>Latham, et al v. Ware County, Georgia, et.al.</u> was filed and is presently

pending in the Superior Court of Pierce County, Georgia, the same being Civil Action Number 04-

334-CA

2.     Plaintiff contends that defendants McQuaig, Walker, Ware County, Ware County

EMS, Wrobel, and Blackshear Family Practice, P.C. violated certain rights provided by the United

States Constitution. Plaintiff's federal claims are brought pursuant to 42 U.S.C. § 1983.

3     This Court has jurisdiction in this matter on the basis of federal question jurisdiction

pursuant to 28 U.S.C. §§ 1331 and §1441(b).

4.      Additionally, there is supplemental jurisdiction regarding the other claims in this action pursuant to 28 U.S.C. § 1367.

5.      This Notice of Removal has been timely filed within thirty days of initial receipt of the plaintiff's complaint by the first served defendants, and is therefore timely pursuant to 28 U.S C § 1446 (b).

6.      Venue properly rests in the Waycross Division of the United States District Court for the Southern District of Georgia, as this case is being removed from the Superior Court of Pierce County, Georgia.

7.      True and correct copies of all process, pleadings and orders served in this action are attached hereto as Exhibit "A", as required by 28 U.S.C §1446(a).

8.      All defendants consent to the removal of this action to the United States District Court for the Southern District of Georgia, Waycross Division.

This the 22nd day of October, 2004.

Whelchel, Brown, Readdick & Bumgartner, LLP

By: _____

Richard K. Strickland
Georgia Bar Number 687830
Attorney for Defendants Ware County,
McQuaig, Ware County EMS and Walker

5 Glynn Avenue
Post Office Box 220
Brunswick, Ga 31521-0220
(912) 264-8544
rstrickland@wbrblaw.com

Oliver, Maner & Gray, LLP

BY: _____
      Patrick T. O'Connor
      Georgia Bar Number: 548425
      Timothy D. Roberts
      Georgia Bar Number: 609795
      Attorneys    for    Defendant    AEDEC
      International, Inc.

Post Office Box 10186
Savannah, GA 31412
(912) 236-3311

Brennan & Wasden

By: _____
      Wiley A. Wasden III
      Georgia Bar Number: 738750
      Peter A. Giusti
      Georgia Bar Number: 296279
      Attorney   for   Defendants   Wrobel   and
      Blackshear Family Practice, P.C.

Post Office Box 8047
Savannah, GA 31412
(912) 232-6700

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with a copy of the foregoing pleading, by depositing same in the United States mail with adequate postage thereon to assure delivery to:

    Brent J. Savage, Esquire
    Savage, Turner, Pinson & Karsman
    Post Office Box 10600
    Savannah, GA 31412
        ATTORNEY FOR PLAINTIFF

This 22 day of October, 2004.

                    Oliver, Maner & Gray, LLP

                    BY: _____
                        Timothy D. Roberts
                        Georgia Bar Number: 609795
                        Attorneys    for    Defendant    AEDEC
                        International, Inc.

Post Office Box 10186
Savannah, GA 31412
(912) 236-3311

STATE OF GEORGIA

COUNTY OF GLYNN

We, RICHARD K. STRICKLAND, TIMOTHY D. ROBERTS and PETER A. GIUSTI, being first duly sworn, state that we are the attorneys for the various Defendants, in the foregoing Notice: that we have prepared and read the foregoing Notice: and that the matters set forth and contained therein are true and correct to the best of our knowledge and belief.

_____
Richard K. Strickland

_____
Timothy D. Roberts

_____
Peter A. Giusti

Sworn to and subscribed before me this
23 day of October, 2004

_____
Notary Public

My Commission Expires: _____

(SEAL OF NOTARY)

LISA K. SMOAK
Notary Public, Effingham County, GA
My Commission Expires December 25, 2006

**IN THE SUPERIOR COURT OF THE WAYCROSS JUDICIAL CIRCUIT**
**PIERCE COUNTY**
**STATE OF GEORGIA**

JULIE RHODES LATHAM,
Individually and as
Administratrix of the Estate of
RUFUS ROBERT RHODES, Deceased,

     Plaintiff,

-vs-

WARE COUNTY, GEORGIA; RONNIE          Civil Action No. 04-334-CA
MCQUAIG, in his Official
Capacity as Sheriff of Ware
County, Georgia;  WARE COUNTY
EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official
Capacity as Director of WARE
COUNTY EMERGENCY MEDICAL
SERVICES; AEDEC INTERNATIONAL,
INC.; PETER WROBEL, M.D.; and
BLACKSHEAR FAMILY PRACTICE,
P.C.,

     Defendants.

## ACKNOWLEDGMENT OF SERVICE

On behalf of Ware County, Georgia, I hereby acknowledge and

accept service of the following documents:

     1)    Summons and Complaint;

     2)    Plaintiff's First Interrogatories to
             Defendants Ware County, Georgia, Ronnie
             Mcquaig, Mark Walker and Ware County
             Emergency Services; and

     3)    Plaintiff's First Request for Production of
             Documents to Defendants Ware County, Georgia,
             Ronnie Mcquaig, Mark Walker and Ware County
             Emergency Services.

I acknowledge and agree that no further service of these

documents upon Ware County, Georgia shall be necessary.

This ___7th___ day of ___October_____, 2004.

By: _____

Georgia Bar No. __68783c__
Attorney for Ware County,
Georgia

**IN THE SUPERIOR COURT OF THE WAYCROSS JUDICIAL CIRCUIT**
**PIERCE COUNTY**
**STATE OF GEORGIA**

JULIE RHODES LATHAM,
Individually and as
Administratrix of the Estate of
RUFUS ROBERT RHODES, Deceased,

     Plaintiff,

-vs-

WARE COUNTY, GEORGIA; RONNIE
MCQUAIG, in his Official
Capacity as Sheriff of Ware
County, Georgia;  WARE COUNTY
EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official
Capacity as Director of WARE
COUNTY EMERGENCY MEDICAL
SERVICES; AEDEC INTERNATIONAL,
INC.; PETER WROBEL, M.D.; and
BLACKSHEAR FAMILY PRACTICE,
P.C.,

     Defendants.

Civil Action No. 04-334-CA

## ACKNOWLEDGMENT OF SERVICE

On behalf of Ronnie McQuaig, Sheriff of Ware County, I

hereby acknowledge and accept service of the following documents:

     1)    Summons and Complaint;

     2)    Plaintiff's First Interrogatories to
           Defendants Ware County, Georgia, Ronnie
           Mcquaig, Mark Walker and Ware County
           Emergency Services; and

     3)    Plaintiff's First Request for Production of
           Documents to Defendants Ware County, Georgia,
           Ronnie Mcquaig, Mark Walker and Ware County
           Emergency Services.

I acknowledge and agree that no further service of these documents upon Ronnie McQuaig, Sheriff of Ware County, shall be necessary.

This _7th_ day of _October_ , 2004.

By: _____

Georgia Bar No. _687830_
Attorney for Sheriff Ronnie McQuaig

-2-

**IN THE SUPERIOR COURT OF THE WAYCROSS JUDICIAL CIRCUIT
PIERCE COUNTY
STATE OF GEORGIA**

JULIE RHODES LATHAM,
Individually and as
Administratrix of the Estate of
RUFUS ROBERT RHODES, Deceased,

     Plaintiff,

-vs-

WARE COUNTY, GEORGIA; RONNIE
MCQUAIG, in his Official
Capacity as Sheriff of Ware
County, Georgia;  WARE COUNTY
EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official
Capacity as Director of WARE
COUNTY EMERGENCY MEDICAL
SERVICES; AEDEC INTERNATIONAL,
INC.; PETER WROBEL, M.D.; and
BLACKSHEAR FAMILY PRACTICE,
P.C.,

     Defendants.

Civil Action No. 04-334-CA

## ACKNOWLEDGMENT OF SERVICE

On behalf of Ware County Emergency Medical Services, I hereby acknowledge and accept service of the following documents:

     1)    Summons and Complaint;

     2)    Plaintiff's First Interrogatories to Defendants Ware County, Georgia, Ronnie Mcquaig, Mark Walker and Ware County Emergency Services; and

     3)    Plaintiff's First Request for Production of Documents to Defendants Ware County, Georgia, Ronnie Mcquaig, Mark Walker and Ware County Emergency Services.

I acknowledge and agree that no further service of these documents upon Ware County Emergency Medical Services shall be necessary.

This ___7th___ day of ___October___, 2004.

By: _____

Georgia Bar No. ___687830___
Attorney for Ware County
Emergency Medical Services

# SUPERIOR COURT OF PIERCE COUNTY

COURTHOUSE, 3550 HIGHWAY 84 WEST, BLACKSHEAR, GEORGIA  31516
TELEPHONE:  (912) 449-2020

Julie Rhodes Latham, Individually and
as Administratrix of the Estate of
**RUFUS ROBERT RHODES**, Deceased,

       Plaintiff,

v.

WARE COUNTY, GEORGIA; RONNIE MCQUAIG,
in his Official Capacity as Sheriff of Ware County, Georgia;
WARE COUNTY EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official Capacity as Director of
WARE COUNTY EMERGENCY MEDICAL SERVICES;
AEDEC INTERNATIONAL, INC.; PETER WROBEL, M.D.;
and BLACKSHEAR FAMILY PRACTICE, P.C.,

       Defendants.

CIVIL ACTION NO. _04-334-CA_

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:   **Ware County, Georgia by and through**

       Ralph Tyson, Chairman, Ware County Board of Commissioners

       Ware County Courthouse

       800 Church Street, Waycross, Georgia 31501

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

       Brent J. Savage, Esq.
       Savage, Turner, Pinson & Karsman
       Post Office Box 10600
       Savannah, Georgia 31412

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service.  If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _20_ day of _September_, 2004.

       **Thomas W. Sauls, Jr., Clerk of Court**
       **Superior Court of Pierce County, Georgia**

       By: _____
       Deputy Clerk, Superior Court of Pierce County, Georgia

\* also serving with Complaint:
  Plaintiff's First Interrogatories to Defendants Ware County, Sheriff, EMS, and Walker
  Plaintiff's First Request for Production of Documents to Defendants Ware County, Sheriff, EMS, and Walker

# SUPERIOR COURT OF PIERCE COUNTY

COURTHOUSE, 3550 HIGHWAY 84 WEST, BLACKSHEAR, GEORGIA 31516
TELEPHONE: (912) 449-2020

Julie Rhodes Latham, Individually and
as Administratrix of the Estate of
**RUFUS ROBERT RHODES**, Deceased,

       Plaintiff,

v.

CIVIL ACTION NO. *04-334-CA*

WARE COUNTY, GEORGIA; RONNIE MCQUAIG,
in his Official Capacity as Sheriff of Ware County, Georgia;
WARE COUNTY EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official Capacity as Director of
WARE COUNTY EMERGENCY MEDICAL SERVICES;
AEDEC INTERNATIONAL, INC.; PETER WROBEL, M.D.;
and BLACKSHEAR FAMILY PRACTICE, P C.,

       Defendants

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:    **Ronnie McQuaig**, in his Official Capacity as
Sheriff of Ware County, Georgia
3487 Harris Road, Waycross, Georgia 31503

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Brent J. Savage, Esq.
Savage, Turner, Pinson & Karsman
Post Office Box 10600
Savannah, Georgia 31412

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This 20 day of September , 2004.

Thomas W. Sauls, Jr., Clerk of Court
Superior Court of Pierce County, Georgia

By: _____
Deputy Clerk, Superior Court of Pierce County, Georgia

* also serving with Complaint:
  Plaintiff's First Interrogatories to Defendants Ware County, Sheriff, EMS, and Walker
  Plaintiff's First Request for Production of Documents to Defendants Defendants Ware County, Sheriff, EMS, and Walker

# SUPERIOR COURT OF PIERCE COUNTY

COURTHOUSE, 3550 HIGHWAY 84 WEST, BLACKSHEAR, GEORGIA   31516
TELEPHONE:  (912) 449-2020

Julie Rhodes Latham, Individually and
as Administratrix of the Estate of
**RUFUS ROBERT RHODES**, Deceased,

        Plaintiff,

v.

WARE COUNTY, GEORGIA; RONNIE MCQUAIG,
in his Official Capacity as Sheriff of Ware County, Georgia;
WARE COUNTY EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official Capacity as Director of
WARE COUNTY EMERGENCY MEDICAL SERVICES;
AEDEC INTERNATIONAL. INC.; PETER WROBEL. M.D.;
and BLACKSHEAR FAMILY PRACTICE, P.C.,

        Defendants.

CIVIL ACTION NO _04-334-CA_

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:  **Ware County Emergency Medical Service**
                                  **by and through Mark Walker, Director**
                                  **125 Havanna Avenue, Waycross, Georgia 31501**

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

        Brent J. Savage, Esq.
      Savage, Turner, Pinson & Karsman
        Post Office Box 10600
        Savannah, Georgia 31412

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service.  If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

        This _20_ day of _September_ , 2004.

                      **Thomas W. Sauls, Jr., Clerk of Court**
                      **Superior Court of Pierce County, Georgia**

                    By:_____
                       Deputy Clerk, Superior Court of Pierce County, Georgia

* also serving with Complaint:
  Plaintiff's First Interrogatories to Defendants Ware County, Sheriff, EMS, and Walker
  Plaintiff's First Request for Production of Documents to Defendants Ware County, Sheriff, EMS, and Walker

Julie Rhodes Latham, Individually )
and as Administratrix of the Estate )
of Rufus Robert Rhodes, Deceased. )
_____ Plaintiff(s)

vs

Wave County, Georgia ; Bonnie )
McCuig, in his official Capacity )
as Sheriff of Wave County, Georgia )
et al.
_____ Defendant(s)

PIERCE _____ 's OFFICE:

DATE _____ 9/22/04 _____
_____ Garnishee

BY _____ PR _____

Case Number _____ 04-334-CA

Cause of Action _____ Civil

Brent J. Savage, Esq.
P.O. Box 10600
Savannah, Georgia 31412
(Plaintiff or Plaintiff's Attorney)

NOTICE OF SERVICE ON
Peter Wrobel, M.D.
1218 Alice Street
Waycross, Georgia 31501
(Name and Address of Person Served)

**PERSONAL** — I have this day served the Defendant _____ Peter Wrobel, M.D. _____ personally with a true copy of the within ~~petition and summons~~ or Complaint
This _____ 23 _____ day of _____ Sept _____ 20 04 _____ Lt. Carl James _____ , Deputy Sheriff

**RESIDENTIAL** — I have this day served the Defendant _____ with a true copy of the within petition and summons by serving same upon _____ , a person Sui Juris residing on the premises
This _____ day of _____ 20 _____ . _____ , Deputy Sheriff

**CORPORATE** — I have this day served the Defendant _____ , a corporation, with a true copy of the within petition and summons by handing the same in person to _____ , an officer of said corporation.
This _____ day of _____ 20 _____ . _____ , Deputy Sheriff

**TACKED AND MAILED** — I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in an envelope properly addressed to Defendant at his last known address with sufficient postage affixed.
This _____ day of _____ 20 _____ . _____ , Deputy Sheriff

**GARNISHEE** — I have this day at the hour of _____ served the Summons of Garnishment upon _____ by handing the original of same to _____ in person, he/she being _____ and agent in charge of _____ at the time of service in Chatham County
This _____ day of _____ 20 _____ . _____ , Deputy Sheriff

**MAILED** — This is to certify that I have this day served the Defendant _____ with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to Defendant at his last known address as shown in said Affidavit, with adequate postage affixed thereon
This _____ day of _____ 20 _____ . _____ , Deputy Sheriff

**DILIGENT SEARCH** — Diligent search made and Defendant is not to be found in the jurisdiction of this court _____
This _____ day of _____ 20 _____ . _____ , Deputy Sheriff

# SUPERIOR COURT OF PIERCE COUNTY

COURTHOUSE, 3550 HIGHWAY 84 WEST, BLACKSHEAR, GEORGIA  31516
TELEPHONE:  (912) 449-2020

Julie Rhodes Latham, Individually and
as Administratrix of the Estate of
**RUFUS ROBERT RHODES**, Deceased,

        Plaintiff,

v.

CIVIL ACTION NO. _04-334-CH_

WARE COUNTY, GEORGIA: RONNIE MCQUAIG,
in his Official Capacity as Sheriff of Ware County, Georgia,
WARE COUNTY EMERGENCY MEDICAL SERVICES:
MARK WALKER, in his Official Capacity as Director of
WARE COUNTY EMERGENCY MEDICAL SERVICES;
AEDEC INTERNATIONAL, INC.; PETER WROBEL, M.D.;
and BLACKSHEAR FAMILY PRACTICE, P.C.,

        Defendants.

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:   **Peter Wrobel, M.D.**

                           **1218 Alice Street**

                           **Waycross, Georgia 31501.**

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Brent J. Savage, Esq.
Savage, Turner, Pinson & Karsman
Post Office Box 10600
Savannah, Georgia 31412

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service.  If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _20_ day of _September_ , 2004.

**Thomas W. Sauls, Jr., Clerk of Court**
**Superior Court of Pierce County, Georgia**

By: _____
      Deputy Clerk, Superior Court of Pierce County, Georgia

* also serving with Complaint:
  Plaintiff's First Interrogatories to Defendant Peter Wrobel, M.D.

# SUPERIOR COURT OF PIERCE COUNTY

COURTHOUSE, 3550 HIGHWAY 84 WEST, BLACKSHEAR, GEORGIA  31516
TELEPHONE:  (912) 449-2020

Julie Rhodes Latham, Individually and
as Administratrix of the Estate of
**RUFUS ROBERT RHODES**, Deceased,

       Plaintiff,

v.                                                                CIVIL ACTION NO. _04-334 ER_

WARE COUNTY, GEORGIA; RONNIE MCQUAIG,
in his Official Capacity as Sheriff of Ware County, Georgia;
WARE COUNTY EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official Capacity as Director of
WARE COUNTY EMERGENCY MEDICAL SERVICES;
AEDEC INTERNATIONAL, INC.; PETER WROBEL, M.D.;
and BLACKSHEAR FAMILY PRACTICE, P.C.,

       Defendants.

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:  **Blackshear Family Practice, P.C.**
                                   **through its registered agent, W.A. Morton, M.D.**
                                   **120 Carter Avenue**
                                   **Blackshear, Georgia  31516**

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney,
whose name and address is:

               Brent J. Savage, Esq.
          Savage, Turner, Pinson & Karsman
             Post Office Box 10600
              Savannah, Georgia 31412

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon
you, exclusive of the day of service.  If you fail to do so, Judgment by default will be taken against you for the relief
demanded in the complaint.

This _30_ day of _September_ , 2004.

                       **Thomas W.  Sauls, Jr., Clerk of Court**
                       **Superior Court of Pierce County, Georgia**

                  By: _____
                     Deputy Clerk, Superior Court of Pierce County, Georgia

* also serving with Complaint:
  Plaintiff's First Interrogatories to Defendant Blackshear Family Practice, P.C.

FBC

THE STATE COURT OF CHATHAM   UNTY
STATE OF GEORGIA

SHE    F'S ENTRY OF SERVICE

JULIE LATHAM RHODES                    )
                                       )
_____       )
_____       )
                         **Plaintiff(s)**

VS.

WARE COUNTY, GA                        )
_____       )
_____       )
                         **Defendant(s)**

Case Number __04-934-CA__

Cause of Action __TORT__

BRENT J SAVAGE
304 E. BAY STREET
SAVANNAH  GA  31412
(Plaintiff or Plaintiff's Attorney)

Filed In office this ___1___ day
of __October__ 20 04
_____       **Garnishee**
Clerk Superior Court, Pierce County, Ga.

NOTICE OF SERVICE ON:

BLACKSHEAR FAMILY PRACTICE, PC.
WA MORTON, MD  REGISTERED AGENT
120 CARTER AVE  BLACKSHEAR, 31516
(Name and Address of Person Served)

**PERSONAL**
I have this day served the Defendant _____ personally with
a true copy of the within petition and summons

This _____ day of _____ 19 _____ .     _____, Deputy Sheriff

**RESIDENTIAL**
I have this day served the Defendant _____ with a true copy
of the within petition and summons by serving same upon _____,
a person Sui Juris residing on the premises
This _____ day of _____ 19 _____ .     _____, Deputy Sheriff

**CORPORATE**
I have this day served the Defendant __Blackshear Family Practice, P.C.__, a corporation,
with a true copy of the within petition and summons by handing the same in person to
__Darlene Courson__, an officer of said corporation.
This __1st__ day of __Oct__ 19 2004     __Ralph Mills__, Deputy Sheriff

**TACKED AND MAILED**
I have this day executed the within Affidavit and Summons by tacking a copy of the within process on
the door of the premises designated in said action and also by depositing a true copy thereof in the United
States mail in an envelope properly addressed to Defendant at his last known address with sufficient postage affixed

This _____ day of _____ 19 _____ .     _____, Deputy Sheriff

**GARNISHEE**
I have this day at the hour of _____ served the Summons of Garnishment upon
_____ by handing the original of same to _____
in person, he/she being _____ and agent in charge of_____
at the time of service in Chatham County.
This _____ day of _____ 19 _____ .     _____, Deputy Sheriff

**MAILED**
This is to certify that I have this day served the Defendant _____
with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail,
in an envelope properly addressed to Defendant at his last known address as shown in said Affidavit,
with adequate postage affixed thereon.

This _____ day of _____ 19 _____ .     _____, Deputy Sheriff

**DILIGENT SEARCH**
Diligent search made and Defendant is not to be found in the jurisdiction of this
court __Dr. WA Morton is at Waycross, Ware Co. BFP office__
This __28th__ day of __Feb__ 19 2004     __Ralph Mills__, Deputy Sheriff

OCT-22-2004  10:21                                      96%                    P.02



# SUPERIOR COURT OF PIERCE COUNTY

COURTHOUSE, 3550 HIGHWAY 84 WEST, BLACKSHEAR, GEORGIA 31516
TELEPHONE: (912) 449-2020

Julie Rhodes Latham, Individually and
as Administratrix of the Estate of
**RUFUS ROBERT RHODES**, Deceased,

       Plaintiff,

v.

                               CIVIL ACTION NO. *04-334-CA*

WARE COUNTY, GEORGIA; RONNIE MCQUAIG,
in his Official Capacity as Sheriff of Ware County, Georgia;
WARE COUNTY EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official Capacity as Director of
WARE COUNTY EMERGENCY MEDICAL SERVICES;
AEDEC INTERNATIONAL, INC.; PETER WROBEL, M.D.;
and BLACKSHEAR FAMILY PRACTICE, P.C.,

       Defendants.

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:   **AEDEC International, Inc. by and through its Registered Agent
Dan E. Corcoran
7926 SW Nimbus Avenue, Beavertown, Oregon 97008**

**You are hereby summoned and required to file** with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

        Brent J. Savage, Esq.
     Savage, Turner, Pinson & Karsman
        Post Office Box 10600
        Savannah, Georgia 31412

**an answer to the complaint which is herewith served upon you, within 30 days after service** of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This _20_ day of _September_, 2004.

        **Thomas W. Sauls, Jr., Clerk of Court
Superior Court of Pierce County, Georgia**

        By: _____
         Deputy Clerk, Superior Court of Pierce County, Georgia

* **also serving with Complaint:**
  Plaintiff's First Interrogatories to Defendant Aedec International, Inc.
  Plaintiff's First Request for Production of Documents to Defendant Aedec International, Inc.

THE SUPERIOR COURT OF *PIERCE* COUNTY
STATE OF GEORGIA

**SHERIFF'S ENTRY OF SERVICE**

Julie Rhodes Latham, Individually )
and as Administratrix of the )
Estate of Rufus Robert Rhodes, Deceased. )

**Plaintiff(s)**

vs.

Ware County, Georgia; Ronnie McClung, )
in his official Capacity as Sheriff )
of Ware County, Georgia, et al. )

**Defendant(s)**

_____

_____

**Garnishee**

Case Number ___04-334-CA___

Cause of Action ___Civil___

Brent J. Savage, Esq.
P.O. Box 10600
Savannah, GA 31412
(Plaintiff or Plaintiff's Attorney)

NOTICE OF SERVICE ON.
AEDEC International, Inc.
Dan E. Corcoran, Registered Agent
7926 SW Nimbus Ave, Beaverton, OR 97008
(Name and Address of Person Served)

---

**PERSONAL**

I have this day served the Defendant ___AEDEC International, Inc.___ personally with a true copy of the within ~~petition and~~ summons or Complaint

This _____ day of _____ ~~\$~~ 2004 _____, Deputy Sheriff

---

**RESIDENTIAL**

I have this day served the Defendant _____ with a true copy of the within petition and summons by serving same upon _____ a person Sui Juris residing on the premises
This _____ day of _____ 19 _____ _____, Deputy Sheriff

---

**CORPORATE**

I have this day served the Defendant _____, a corporation, with a true copy of the within petition and summons by handing the same in person to _____, an officer of said corporation.

This _____ day of _____ 19 _____ _____, Deputy Sheriff

---

**TACKED AND MAILED**

I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in an envelope properly addressed to Defendant at his last known address with sufficient postage affixed

This _____ day of _____ 19 _____ _____, Deputy Sheriff

---

**GARNISHEE**

I have this day at the hour of _____ served the Summons of Garnishment upon _____ by handing the original of same to _____
in person, he/she being _____ and agent in charge of _____
at the time of service in Chatham County

This _____ day of _____ 19 _____ _____, Deputy Sheriff

---

**MAILED**

This is to certify that I have this day served the Defendant _____ with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to Defendant at his last known address as shown in said Affidavit, with adequate postage affixed thereon.

This _____ day of _____ 19 _____ _____, Deputy Sheriff

---

**DILIGENT SEARCH**

Diligent search made and Defendant is not to be found in the jurisdiction of this
court _____

This _____ day of _____ 19 _____ _____, Deputy Sheriff

AHn: Tim Roberts

**STATE OF OREGON**          )
                             )        **SS.**
**County of Washington**     )

**Court Case#04334CA**
**Sheriff's Case#0407514**

I, Rob Gordon, hereby certify that I served the within AEDEC INTERNATIONAL, INC.

within the said State and County at 4:35 ☐a.m.☒p.m. on the 19TH day of OCTOBER,

2004, on the within named AEDEC INTERNATIONAL, INC. BY SERVING RON SMITH AS

CLERK IN THE OFFICE OF DAN CORCORAN: THE REGISTERED AGENT at 7926 SW

NIMBUS AVE., BEAVERTON, personally and in person.

**ROB GORDON,** Sheriff
Washington County, Oregon

By _____
    Deputy M. GIANOPOULOS

Fees: $28.00

SOCV 9

**IN THE SUPERIOR COURT OF THE WAYCROSS JUDICIAL CIRCUIT**
**PIERCE COUNTY**
**STATE OF GEORGIA**

JULIE RHODES LATHAM,
Individually and as
Administratrix of the Estate of
RUFUS ROBERT RHODES, Deceased,

      Plaintiff,

-vs-

WARE COUNTY, GEORGIA; RONNIE
MCQUAIG, in his Official
Capacity as Sheriff of Ware
County, Georgia;  WARE COUNTY
EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official
Capacity as Director of WARE
COUNTY EMERGENCY MEDICAL
SERVICES; AEDEC INTERNATIONAL,
INC.; PETER WROBEL, M.D.; and
BLACKSHEAR FAMILY PRACTICE,
P.C.,

      Defendants.

Filed in office this _20_ day
_Septbr._ 20 _04_
_____
Clerk Superior Court, Pierce County, Ga.

Civil Action No. _04-334.CA_

## COMPLAINT

Come Now, JULIE RHODES LATHAM, Individually and as

Administrator of the Estate of RUFUS ROBERT RHODES, Deceased, and

files this her Complaint against the Defendants above named,

alleging as follows:

## PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff is the surviving daughter of Rufus Robert

Rhodes, Deceased, and the appointed and acting Administrator of

the Estate of Rufus Robert Rhodes.  As such, she is the proper

party to pursue claims on behalf of the Estate of Rufus Robert

Rhodes.  She is also a proper party to pursue claims for the wrongful death of Rufus Robert Rhodes.

2.  DEFENDANT WARE COUNTY, GEORGIA, is a body corporate, capable of suing or being sued.  Ware County, Georgia may be served with process by personally serving Ralph Tyson, Chairman of the Ware County Board of Commissioners.  With respect to this municipal Defendant, Plaintiffs have satisfied the requirements of O.C.G.A. 36-11-1 by providing the municipality with an ante litem notice within twelve months of the accrual of the cause of action.

3.  Defendant Ronnie McQuaig ("Sheriff") is, and at all times relevant hereto was, the Sheriff of Ware County, Georgia, and upon information and belief, is a citizen of Ware County, Georgia.  At all times material hereto, Sheriff was responsible for the conduct of the employees and agents of the Ware County Jail, for establishing customs, policies, and procedures to regulate the conduct of agents and employees of the Ware County Jail, and for ensuring that employees and agents of the Ware County Jail obeyed the laws of the State of Georgia and of the United States.

4.  Defendant WARE COUNTY EMERGENCY MEDICAL SERVICE is a department of Ware County, Georgia, and is the arm of the County responsible for providing medical services to inmates in the Ware County Jail.  On information and belief, Ware County

-2-

Emergency Medical Services provides personnel to provide medical services at the Ware County Jail, and staffs the Ware County Jail Medical Department.  Ware County Emergency Medical Services may be served with process through personal service on Mark Walker, its director.

5.  At all times material hereto, Defendant MARK WALKER was the Director of the Ware County Emergency Medical Service. As such, Mr. Walker was responsible for the conduct of the employees and agents of the Ware County Emergency Medical Services, and, upon information and belief, responsible for establishing customs, policies, and procedures to regulate the conduct of its agents and employees as said conduct relates to providing medical care to inmates housed at the Ware County Jail.

6.  DEFENDANT PETER WROBEL, M.D., is a physician licensed to practice in the state of Georgia, and at all time pertinent hereto, provided medical services at the Ware County Jail.  On information and belief, Dr. Wrobel is a citizen of Ware County, Georgia, and may be served with process at 1218 Alice Street, Waycross, Georgia 31501.

7.  Defendant BLACKSHEAR FAMILY PRACTICE, P.C., is a professional corporation organized under the laws of the state of Georgia.  On information and belief, BLACKSHEAR FAMILY PRACTICE, P.C., may be served with process by serving its registered agent,

W.A. Morton, M.D., at 120 Carter Avenue, Blackshear, Pierce County, Georgia, 31516.

8.   Defendant AEDEC INTERNATIONAL, INC. is an Oregon Corporation, and may be served with process by serving its registered agent, Dan E. Corcoran, at 7926 SW Nimbus Avenue, Beavertown, Oregon, 97008.

9.   Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

10.   On or about August 6, 2003, Rufus Rhodes plead guilty to felony charges brought against him by the State of Georgia.

11.   On or about that same date, Rufus Rhodes was sentenced by the Superior Court of the Waycross Judicial Circuit, Ware County, State of Georgia, to serve time in a correctional institution.

12.   Upon being sentenced by the Superior Court, Mr. Rhodes was transported to the Ware County Jail, where, upon information and belief, he was to be held pending assignment to a state correctional facility by the Georgia Department of Corrections.

13.   Prior to the date of his incarceration, Mr. Rhodes participated in a pain management program under the care of a physician in Florida.  As part of this pain management program, Mr. Rhodes was prescribed Methadone.

-4-

14.   At all times relevant hereto, Peter Wrobel, M.D., of Blackshear Family Practice, P.C., was a physician providing medical services to individuals housed at the Ware County Jail.

15.   Soon after Mr. Rhodes' incarceration at the Ware County Jail, Dr. Wrobel discontinued his prescription for Methadone.

16.   Due to the sudden withholding of Mr. Rhodes' prescription, he became disoriented and confused.

17.   On Wednesday, August 20, 2003, sometime during the evening hours, officials at the Ware County Jail placed Mr. Rhodes in a "restraint chair."

18.   The restraint chair utilized at the Ware County Jail to restrain Rufus Rhodes was manufactured by Defendant Aedec International, Inc.   Upon information and belief, this restraint chair was called the "Deluxe Safety Chair," and bore model number RC1300.

19.   Officials at the Ware County Jail kept Mr. Rhodes in the restraint chair until the following morning, Thursday, August 21, at which time he was taken out of the restraint chair for purposes of medical evaluation.

20.   At the conclusion of this medical evaluation, Ware County Jail Officials placed Mr. Rhodes back in the restraint chair, where, upon information and belief, he remained until approximately 8:00 p.m. the following day.

-5-

21.   On Friday, August 22, 2003, while confined to the restraint chair, Mr. Rhodes became incoherent.  Despite the fact that he was noticeably incoherent all day long, medical personnel at the Ware County Jail provided little or no medical treatment to Mr. Rhodes, nor did they adequately supervise or monitor his condition.

22.   By approximately 8:00 p.m., on Friday, August 22, 2003, Mr. Rhodes had become unresponsive, with no pulse and not breathing.  Paramedics were called to the Ware County Jail to provide emergency treatment, and no basic life support actions, such as CPR, was initiated by the medical staff at the Ware County Jail.

23.   Mr. Rhodes was taken out of the restraint chair, the Emergency Medical Technicians administered CPR, and Mr. Rhodes was transferred to the Satilla Regional Medical Center.

24.   On August 26, 2003, Rufus Rhodes died.  His death was directly and causally linked to his improper and continuous confinement to the restraint chair, in addition to the improper monitoring of his medical condition while at the jail.

25.   In addition to violating rights and privileges conferred on Mr. Rhodes by the common and statutory laws of the state of Georgia, the above described acts of the Defendants deprived decedent his right to be free from cruel and unusual

-6-

punishment secured to him by the Eighth Amendment of the Constitution of the United States.

## CAUSES OF ACTION

### COUNT ONE
### LIABILITY OF WARE COUNTY, GEORGIA,
### MARK WALKER, and WARE COUNTY EMERGENCY MEDICAL SERVICES
### FOR BREACH OF DUTY TO PROVIDE MEDICAL CARE IN JAIL

26. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 25 above as though fully set forth herein.

27. Pursuant to O.C.G.A. § 42-5-2, Ware County, Georgia is responsible for providing adequate medical care to inmates housed in the Ware County Jail. Ware County Emergency Medical Services and its Director, Mark Walker, assist the County in the performance of this duty.

28. These Defendants breached the duty to provide adequate medical care by failing to properly train, supervise, or hire individuals qualified to provide proper care.

29. The premature death of Rufus Robert Rhodes was caused, in part or in whole, from the poor medical care, treatment, and monitoring of his medical condition by the Ware County Jail.

-7-

**COUNT TWO**
**42 U.S.C. § 1983**
**LIABILITY OF WARE COUNTY, GEORGIA,**
**MARK WALKER, and WARE COUNTY EMERGENCY MEDICAL SERVICES**
**FOR FAILURE TO PROVIDE ADEQUATE MEDICAL CARE**

30.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 29 above as though fully set forth herein.

31.   Ware County, Georgia is responsible for providing adequate medical care to inmates housed in the Ware County Jail. Ware County Emergency Medical Services and its Director, Mark Walker, assist the County in the performance of this duty.

32.   These Defendants, while acting under color of State law, employed a customs, policies, and procedures which resulted in deliberate indifference to the serious medical needs of Rufus Rhodes and in the failure of the Ware County Jail to obtain appropriate medical care for Rufus Robert Rhodes which deprived him of his rights secured under the Eights and Fourteenth Amendments of the United States Constitution.  These policies include, but are not limited to:

a.  failing to ensure that the proper medications are administered to inmates housed in the Ware County Jail;

b.  failing to train individuals providing medical attention to inmates at the Ware County Jail to recognize the need for emergency care in life

-8-

threatening situations including the onset of extremely high blood pressure; and

c.   failing to train individuals providing medical attention to inmates housed at the Ware County jail in the evaluating when an individual needs basic life support, such as CPR, and/or how to properly administer CPR.

33.   The execution of its policies and/or customs regarding the provision and monitoring of medical care to inmates housed in the Ware County Jail, caused Rufus Robert Rhodes to sustain serious physical injury, eventually leading to his death.

34.   As a result of Defendant Ware County's actions, Rufus Rhodes endured severe pain, suffering, and discomfort and death, giving rise to a claim under 42 U.S.C. § 1983.

**COUNT THREE**
**42 U.S.C. § 1983**
**LIABILITY OF SHERIFF RONNIE MCQUAIG**
**IN HIS OFFICIAL CAPACITY AS SHERIFF OF WARE COUNTY, GEORGIA**

35.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 34 above as though fully set forth herein.

36.   Defendant Ronnie McQuaig as Sheriff of Ware County, Georgia, is responsible the establishment of policies, practices, and regulation for the operation of the Ware County Jail.  He is further responsible for the hiring, training,

-9-

supervision, and control of all personnel at the Ware County
Jail.

37.   Defendant Ronnie McQuaig as Sheriff of Ware
County, Georgia, while acting under color of state law, failed to
establish adequate policies, practices, and regulations
pertaining to treatment and/or restraint of prisoners, in
violation of rights secured to them under the Eighth and
Fourteenth Amendments to the United States Constitution.   These
policies include, but are not limited to:

>        a.   allowing an inmate to be confined in a
>        restraint chair for a long period of time; and

>        b.   failing to properly monitor the medical
>        condition of an inmate while confined to the
>        restraint chair; and

>        c.   by failing to properly train and/or supervise
>        jail personnel in the proper methods of the control and
>        restraint of inmates.

38.   The policy authorizing use of the restraint chair
for long periods of confinement is in itself is unconstitutional.

39.   The Sheriff of Ware County, Georgia, while acting
under color of State law, employed customs, policies, and
procedures which resulted in deliberate indifference to the
serious medical needs of Rufus Rhodes and in the failure of the
Ware County Jail to obtain appropriate medical care for Rufus

-10-

Robert Rhodes which deprived him of his rights secured under the Eights and Fourteenth Amendments of the United States Constitution.  These policies include, but are not limited to:

      a.  failing to ensure that the proper medications are administered to inmates housed in the Ware County Jail;

      b.  failing to train individuals providing medical attention to inmates at the Ware County Jail to recognize the need for emergency care in life threatening situations including the onset of extremely high blood pressure; and

      c.  failing to train individuals providing medical attention to inmates housed at the Ware County jail in the evaluating when an individual needs basic life support, such as CPR, and/or how to properly administer CPR.

40.  The actions of Defendant Ronnie McQuaig as set forth above violated the rights of Rufus Rhodes to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution.

41.  As a result of Defendant Ronnie McQuaig's actions, Rufus Rhodes endured severe pain, suffering, discomfort and death giving rise to a claim under 42 U.S.C. § 1983.

## COUNT FOUR
## RESPONDEAT SUPERIOR AS TO
## SHERIFF RONNIE MCQUAIG, IN HIS OFFICIAL CAPACITY
## AND WARE COUNTY, GEORGIA

42.  Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 41 above as though fully set forth herein.

43.  Ware County, Georgia, has waived its sovereign immunity through the purchase of liability insurance.

44.  Ware County, Georgia, and Ronnie McQuaig, in his official capacity as Sheriff of Ware County, Georgia, are responsible for the negligent acts and omissions of their employees committed within in the scope of their employment.

45.  The negligent acts of the employees of Ware County, Georgia, and/or of Ronnie McQuaig as Sheriff of Ware County, Georgia, include, but are not limited to:

   a.  confining Rufus Rhodes in the Restraint Chair for prolonged periods of time;

   b.  failing to properly monitor and document the medical condition of Rufus Rhodes while confined to the Ware County Jail, including, but not limited to the time that Mr. Rhodes was confined to the Restraint Chair; and

   c.  failing to provide any form of basic life support on August 22, 2003, between the time that Mr. Rhodes was found with no pulse, and not breathing, and

-12-

the time of the arrival of the Emergency Medical
Service.

## COUNT FOUR
### MEDICAL PROFESSIONAL NEGLIGENCE AGAINST
### PETER WROBEL, M.D. AND BLACKSHEAR FAMILY PRACTICE, P.C.

46.   Plaintiff realleges and incorporates herein by
reference Paragraphs through 45 above as though fully set forth
herein.

47.   At all times relevant hereto, Peter Wrobel, M.D.,
was a physician licensed to practice medicine under the laws of
the State of Georgia.

48.   At all times relevant hereto, Peter Wrobel was an
employee and/or agent of Blackshear Family Practice, P.C., such
that it is vicariously liable for his errors, actions, or
omissions.

49.   Peter Wrobel, M.D. breached that duty and failed
to adhere to the standard of care generally employed under
similar conditions or like circumstances by failing to properly
evaluate Rufus Rhodes, by failing to appreciate the severity of
his condition as exhibited by objective signs and criteria, and,
given the nature of his symptoms, by failing to conduct a full
assessment and testing.  (See Affidavits of Anthony Zollo, M.D.,
attached hereto as Exhibit A, which sets forth at least one
negligent act against the Defendants as required by O.C.G.A. §
9-11-9.1).

-13-

50.   The negligence of Peter Wrobel, M.D. and Blackshear Family Practice, P.C., caused Rufus Rhodes to sustain mental and physical pain and aguish, and lead to his ultimate death.

## COUNT EIGHT
## PRODUCTS LIABILITY AGAINST
## DEFENDANT AEDEC, INC.

51.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 50 above as though fully set forth herein.

52.   Defendant AEDEC INTERNATIONAL, INC. designed and manufactured the "restraint chair" utilized to restrain Decedent Rufus Rhodes in the Ware County Jail.

53.   Defendant Aedec International failed to properly warn individuals and entities using the restraint chair of known and foreseeable dangers associated with use of the chair, including but not limited to the safe length of time that an individual could be continuously confined in this chair without imposing risk to his safety.

54.   Defendant AEDEC INTERNATIONAL, INC., either knew or should have known that continuous confinement to a restraint chair posed serious health risk to the health of the individual so confined, yet took no action to warn, inform, or instruct entities and individuals utilizing the chair of this known risk.

-14-

55.   The aforementioned actions of Defendant AEDEC INTERNATIONAL, INC., was a proximate cause of the suffering and ultimate death of Decedent Rufus Robert Rhodes.

## COUNT NINE
### STRICT PRODUCT LIABILITY AS TO
### AEDEC INTERNATIONAL, INC.

56.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 55 above as though fully set forth herein.

57.   Defendant Aedec International, Inc., manufactured and sold the restraint chair which was a cause of the injuries and ultimate death of Rufus Robert Rhodes.

58.   The restraint chair was defective.

59.   The defect in the restraint chair existed at the time the restraint chair left the control of Defendant Aedec International, Inc.

60.   The defect in the chair was a proximate cause of the suffering and ultimate death of Decedent Rufus Robert Rhodes.

## COUNT TEN
### CLAIM FOR PUNITIVE DAMAGES
### AS TO ALL DEFENDANTS

61.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 55 above as though fully set forth herein.

-15-

62.   As described herein, the conduct of the Defendants showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

63.   The Plaintiff, in her capacity as Administratrix of the Estate of Rufus Robert Rhodes, is entitled to punitive damages solely to punish, penalize, or deter the Defendants.

## COUNT ELEVEN
### CLAIM FOR ATTORNEYS FEES
### PURSUANT TO 42 U.S.C. § 1988

64.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 63 above as though fully set forth herein.

65.   With the exception of Defendant Aedec International, Inc., all individual and municipal Defendants were acting under color of state law at the time they caused injury to Plaintiff's Decedent.

66.   As to these Defendants, Plaintiff is entitled to a reasonable allowance for attorneys fees as part of her costs.

## COUNT TWELVE
### CLAIM FOR ATTORNEYS FEES AS TO ALL DEFENDANTS
### UNDER GEORGIA STATE LAW

67.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 66 above as though fully set forth herein.

-16-

68. Defendants have acted in bad faith, have been stubbornly litigious, or have caused the Plaintiff unnecessary trouble and expense.

69. The Plaintiff is entitled to an award of attorneys fees pursuant to O.C.G.A. § 13-6-11.

## CLAIMS FOR RELIEF

Wherefore, the Plaintiff prays:

(A)  That summons and process issue and be served upon Defendants;

(B)  For a trial by a jury comprised of twelve persons;

(C)  That the Plaintiff Estate be awarded an appropriate sum to compensate for the mental and physical pain and suffering sustained by Rufus Robert Rhodes prior to his untimely death;

(D)  That the Plaintiff be awarded an amount to compensate her for the full value of the life of Decedent Rufus Robert Rhodes;

(E)  That the Plaintiffs recover attorneys fees from the Defendants under applicable federal and state law;

(D)  That the Defendants be held jointly and severally liable for the injuries of the Plaintiff; and

(E)  For such other and further relief as the Court deems just and proper.

THIS THE _20th_ DAY OF _September_ , 2004.

SAVAGE, TURNER, PINSON & KARSMAN

BY: _____
Brent J. Savage
Georgia Bar No. 627450

304 East Bay Street
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140

-18-

STATE OF TEXAS       *

                          *

COUNTY OF ANGELINA    *

## <u>AFFIDAVIT OF ANTHONY J. ZOLLO, JR. M.D.</u>

**COMES NOW**, Anthony J. Zollo, Jr. M.D. before the undersigned officer duly authorized to administer oaths, and who upon being sworn states and gives his affidavit as follows:

1.      My name is Anthony J. Zollo, Jr. and I am a medical doctor practicing Internal Medicine in Lufkin, Texas.  I am licensed to practice medicine by the State of Texas and have been licensed to practice since 1980.

2.      My educational and work experience is outlined on my curriculum vitae, which is attached hereto and marked as Exhibit 1.

3.      I have reviewed the following documents and medical records of Rufus Rhodes:

      (a)      Autopsy Report,

      (b)      Medical Question Report from Ware County jail,

      (c)      Medical Staff Progress Notes from Ware County jail,

      (d)      Physicians' Progress Sheets from Ware County jail,

      (e)      Medical Staff Progress Reports from Ware County jail,

      (f)      Blackshear Medical Records,

      (g)      Satilla Consultation Report,

      (h)      EMS Records,

      (i)      Medical records/notes of Dr. Peter Wrobel.

4.      After reviewing the above-noted information, it is my professional opinion that

EXHIBIT  **A**

within a reasonable degree of medical certainty, that Mr. Rhodes was not properly evaluated by Dr. Wrobel and that such failure to properly evaluate Mr. Rhodes fell below the standard of care of physicians in similar circumstances.

5.      It is further my opinion that in response to Mr. Rhodes' manifest confusion, combativeness, increased white blood count, and hallucinations, the standard of care required Dr Wrobel to rule out the etiology for his condition and conduct a full assessment and testing, such as a lumbar puncture and/or CAT scan.

6.      It is further my opinion that placing Mr. Rhodes in restraints and leaving him in that condition for as long as he was led to his dehydration and rhabdomyolysis and contributed to or directly caused his cardiac arrest.

7.      Taking into account the information reviewed and the opinions expressed in this affidavit, it is the professional opinion of the undersigned that within a reasonable degree to medical certainty, Mr. Rhodes' death could have been prevented by timely providing him appropriate medical care.

8.      Within a reasonable degree of medical certainty, it is the professional opinion of the undersigned that the failure to provide timely, appropriate medical treatment to Mr. Rhodes contributed to and was a direct proximate cause of his death.

9.      This affidavit is given in conformance with O.C.G.A. § 9-11-9.1 and is not dispositive of all of my opinions relative to this case.


FURTHER AFFIANT SAYETH NOT.

This ___24ᵗʰ___ day of August, 2004.



_____
Anthony J. Zollo, Jr., M.D.

Sworn to and subscribed
before me this _24th_
day of _Aug._ , 2004.

_Marilyn J. Murray_
Notary Public

MARILYN J. MURRAY
MY COMMISSION EXPIRES
March 5, 2006

8/2002

# CURRICULUM VITAE

# ANTHONY J. ZOLLO, JR. MD

| | |
|---|---|
| MAILING ADDRESS | PO Box 150407, Lufkin, Texas 75915-0407 |
| HOME ADDRESS | Rt. 3 Box 344J, Huntington, Texas 75949 |
| HOME PHONE | (936) 854-2088 |
| E-MAIL ADDRESS | zolloam@LCC.net, Anthony.Zollo@med.va.gov |
| OFFICE ADDRESS | Lufkin VA Outpatient Clinic, 1301 West Frank Avenue, Lufkin, Texas 75904-3305 |
| OFFICE PHONE | (936) 633-2712 |
| BIRTH DATE | November 23, 1954 |
| BIRTH PLACE | Glen Cove, New York |
| CITIZENSHIP | USA |
| MARITAL STATUS | Married, Mary B. Zollo |
| CHILDREN | None |
| ACADEMIC DEGREES | 1977: BA, Queens College, (City University of NY) |
| | 1980: MD, Baylor College of Medicine, Houston, Texas |
| POSTGRADUATE EDUCATION | 1980-81: Internship in Internal Medicine, Baylor College of Medicine, Houston, Texas |

EXHIBIT

|  | 1981-83: Residency in Internal Medicine, Baylor College of Medicine, Houston, Texas |
|---|---|
| BOARD CERTIFICATION | 1983: American Board of Internal Medicine |
| MEDICAL LICENSE | 1980: Texas (# F7341) |
| ACADEMIC APPOINTMENTS | 7/1/83-7/1/85: Instructor, Dept. of Internal Medicine, Baylor College of Medicine |
|  | 7/1/85-7/1/91: Asst. Professor, Dept. of Medicine, Baylor College of Medicine |
|  | 7/1/91-Present: Clinical Asst. Professor, Dept. of Internal Medicine, Baylor College of Medicine |
|  | 2/1/96-Present: Clinical Associate Professor, Dept. of Internal Medicine, University of Texas Medical Branch at Galveston School of Medicine. |
| HOSPITAL APPOINTMENTS | 7/1/83-1/31/87: Director, Emergency Room & Asst. Chief, Admissions & Evaluations Unit, Houston VA Medical Center |
|  | 7/1/87-7/1/89: Asst. Chief, General Medicine Section, Houston VA Medical Center |
|  | 2/1/87-7/15/90: Chief, Admissions & Evaluation Unit, Houston VA Medical Center |
|  | 7/1/89-7/15/90: Asst. Chief, Ambulatory Care Service, Houston VA Medical Center |
|  | 7/15/90-Present: Chief Medical |

Officer/Care Line Executive, Lufkin VA Outpatient Clinic, Lufkin, TX.

PROFESSIONAL MEMBERSHIPS    American College of Physicians/American Society of Internal Medicine

National Association of VA Physicians and Dentists

National Association of VA Ambulatory Care Managers

HONORS    1976: Phi Beta Kappa

1988: Director's Award for Professional Achievement, Houston VA Medical Center

2000:  Teacher of Distinction Nominee, University of Texas Medical Branch.

MEDICAL SCHOOL COMMITTEES    1977-79: Admission Committee, Baylor College of Medicine

1983-1990: Level I Resident Selection Committee, Baylor College of Medicine

1985-1990: Resident & Service Evaluation Committee, Baylor College of Medicine

HOSPITAL COMMITTEES    1994-Present:  Executive Council/Committee, Houston VA Medical Center & Lufkin VA Outpatient Clinic.

1999-Present:  Information Management Board, Houston VA Medical Center

1989-Present: Clinical Executive Board,

Houston VA Medical Center

1991-Present: Pharmacy & Therapeutics Committee, Lufkin VA Clinic and Houston VA Medical Center

1983-1997: Ambulatory Care Committee, Houston VA Medical Center

1983-1986: Medical Records Audit Committee, Houston VA Medical Center

1987-1991: CPR Committee, Houston VA Medical Center

1987-1991: Utilization Review Committee, Houston VA Medical Center

1987-1991: ADP Committee, Houston VA Medical Center

1989-1991: Risk Management Committee, Houston VA Medical Center

OTHER COMMITTEES

1993-1996: Health Care Reform Task Force, Honorable Charles Wilson, US House of Representatives

1997-2000: Chair, Veteran's Integrated Service Network (VISN) 16 Primary Care Advisory Committee and Primary Care Consultant Group

PUBLICATIONS & CLINICAL INVESTIGATIONS:

| | |
|---|---|
| Books | **Zollo, Anthony J.** (editor): ***Medical Secrets***. Hanley & Belfus Medical Publishers, Philadelphia, PA, first edition: 1991, 2nd edition: 1997, 3rd edition: 2001. |
| | **Zollo, Anthony J.** (editor): ***The Portable Internist***. Hanley & Belfus Medical Publishers, Philadelphia, PA, 1994. |
| Co-Investigator | Wray NP, Friedland JA, Ashton CA, Scheurich J, **Zollo AJ**: Characteristics of House Staff Work Rounds on Two Academic General Medicine Services. J. Med Educ.  61:893-900, 1986. |
| | Ashton CA, Wray NP, Friedland JA, Scheurich J, **Zollo AJ**: The Association between residents' work-rounds styles and the process and outcome of medical care.  J Gen Int Med.  9:208-212, 1994. |
| | Clarridge JE, Raich TJ, Pirwani D, Simon B, Tsai L, Rodriguez-Barradas M, Regnery R, **Zollo A**, Jones D, Rambo, C: Strategy to detect and identify Bartonella species in routine clinical laboratory yields Bartonella henselae from Human Immunodeficiency Virus-positive patient and *unique Bartonella* strain from his cat.  J Clin Microbiol 33 (8):2107-2113, 1995. |

IN THE SUPERIOR COURT OF THE WAYCROSS JUDICIAL CIRCUIT
PIERCE COUNTY
STATE OF GEORGIA

JULIE RHODES LATHAM,
Individually and as
Administratrix of the Estate of
RUFUS ROBERT RHODES, Deceased,

     Plaintiff,

-vs-

WARE COUNTY, GEORGIA; RONNIE        Civil Action No.
MCQUAIG, in his Official
Capacity as Sheriff of Ware
County, Georgia; WARE COUNTY
EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official
Capacity as Director of WARE
COUNTY EMERGENCY MEDICAL
SERVICES; AEDEC INTERNATIONAL,
INC.; PETER WROBEL, M.D.; and
BLACKSHEAR FAMILY PRACTICE,
P.C.,

     Defendants.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS WARE COUNTY, GEORGIA, RONNIE MCQUAIG, MARK WALKER and WARE COUNTY EMERGENCY SERVICES

COMES NOW, Plaintiff in the above-styled action, and requires Defendants Ware County, Georgia, Ronnie Mcquaig, Mark Walker, and Ware County Emergency Services to answer under oath and in writing the following interrogatories, pursuant to O.C.G.A. §9-11-33, within forty-five (45) days from the date of service hereof.

**NOTE A:** When used in these interrogatories, the phrases

"Defendant", "individual in question", "you", or any synonym thereof are intended to and shall embrace and include, in addition to Defendant, individually, Defendant's attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant.

**NOTE B:**   Throughout these interrogatories, wherever Defendant is requested to identify a communication or any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)  By whom it was made, and to whom;

(b)  The date upon which it was made;

(c)  Who else was present when it was made;

(d)  Whether it was recorded or described in any writing of any type, and if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:**   Throughout these interrogatories, wherever Defendant is requested to identify a communication, letter, documents, memorandum, report, or record of any type and such communication was written, the following information should be furnished:

-2-

(a)   A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

(b)   By whom it was made and to whom it was addressed;

(c)   The date upon which it was made; and

(d)   The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**   Throughout these interrogatories, wherever Defendant is requested to identify a person, the following information should be furnished:

(a)   The person's full name;

(b)   His or her present home and business address and telephone number at each address;

(c)   His or her occupation; and

(d)   His or her place of employment.

**NOTE E:**   These interrogatories shall be deemed continuing to the extent required by law. You are required to: (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identify of each person expected to testify and the substance of his testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure

-3-

to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

1.   Please state the names and addresses of the all of those persons known to have any information or knowledge concerning the facts, event, circumstances, conditions, and occurrences surrounding the happening of the incident.  This request includes, but is not limited to, inmates at the Ware County Jail.

2.   Please state the names, addresses and telephone numbers of all persons who have given statements, whether written or oral to you, your attorney, your insurance carrier, or anyone else to our knowledge, covering the facts and circumstances of the incident that is the subject matter of this litigation, listing for each such statement, the date of the same, to whom the statement was given, and who is in possession of such statement.

3.   Please give your contentions of how the incident complained of happened, and describe the the actions of all individuals involved.

4.   If you contend that some other person or legal entity is, in whole or in part, liable to the Plaintiff in this matter, state its full name, address and telephone number and describe in detail the basis of such liability.

5.   Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the

matter alleged in the complaint, the number or numbers of such policies, the amount of liability coverage provided in each policy, the named insured in the same, and whether said policy excludes coverage for punitive damages.

6.   Set forth the names and addresses of each person who has investigated and/or made studies, or taken any statements related to the incident complained of in the complaint.

7.   Please state the following in regard to every document which you contend is relevant in this case to Plaintiff's Complaint or any defense raised by a party:

(a)   The date, title, and a summary of the contents of said document;

(b)   The name and address of the author of the document; and

(c)   The name and address of the custodian of the document.

8.   Identify the full name, address and telephone number of each expert, including medical witnesses, whom you expect to call as an expert witness at the trial of this case and, as to each expert so identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

9.   Do you contend there are any admissions made by the plaintiff, the decedent, or any other party in this case?  If the answer is in the affirmative, and any purported admission was oral, please state the date the admission was made, and the witnesses to said admissions.  If the admission was made in writing, please state the title of the document, the name of the author of the document, a summary of the contents of the document, the date of the document, and the name, address and telephone number of the custodian of the document.

10.   Identify all evidence -- including documents, physical evidence and witnesses possession knowledge of such evidence -- which you contend supports your defenses as set forth in your Answer.

11.   Were any photographs, drawings, diagrams, investigative material, or other documents depicting any subject matter which is deemed relevant to any aspect of this case compiled, taken, made, prepared, or obtained by you or on your behalf?  If so, please state:

(a)   Date and by whom material was prepared;

(b)   The name and address of the person in possession of same.

12.   Is the Defendant's name correctly stated in the complaint on file in this action?  If not, state the correct designation of Defendant.

-6-

13.   Please identify each individual working at the Ware County Jail between for the month of August 2003.  For each individual so identified, please state the capacity in which they worked at the jail, the length of time they worked at the jail, and the identify of their employer.

14.   Please state whether any of the individuals identified in Response to Interrogatory Number 13 above, had any supervisory duties at the jail.  If so, please describe the responsibility and scope of each supervisor's duties, and the individuals over whom this supervisory duty was exercised.

15. For each individual identified in Response to Interrogatory Number 13, please state whether her or she has been terminated, suspended, removed, laid off, reduced in rank, disciplined or warned concerning any employment activity or conduct?  If so, what such action has occurred, concerning what activity or conduct?

16.   State all guidelines or regulations of Ware County in effect in August of 2003 regarding supervision of the Ware County Sheriff's department by either the Ware County Commissioners or other agents of Ware County.  As to each, state the date of official approval by tne governing body and the person, persons, committee or entity charged with responsibility for the administration thereof.

-7-

17.  Please describe the chain of command in effect in August of 2003 for the operations of the Ware County Jail, whether the same was a formally enacted ordinance or regulation or conducted and organized on an informal basis.

18. Were there in existence, on or prior to August of 2003, internal administrative procedures designed to prevent and correct instances of abuse of the authority of jailers and other personnel of working at the Ware County Jail?  If yes, state:

　　　　a. The nature of such procedures.

　　　　b.  The person or persons responsible for implementing such procedures.

19. If the answer to Interrogatory No. 18 is in the affirmative, have you ever utilized such internal administrative procedures with the result that an individual employed at the Ware County Jail was penalized for unlawful conduct? If yes, state:

　　　　a.  The substance of any charges made in each such instance;

　　　　b.  The names and addresses of all persons against whom such charges were preferred;

　　　　c.  The date and outcome of each such procedure, including the date and nature of subsequent disciplinary

-8-

action against a police department employee, if any was taken; and

d.   The name and address of the person or persons responsible for administering such disciplinary action, if any.

20.   Is there a written policy or procedure regarding when use of the restraint chair to restrain an inmate is appropriate? If so, please describe it, or, in the alternative, please produce a copy of such policy that was in effect in August, 2003.

21.   Please describe how jailers, or other individuals working at the Ware County Jail, are trained in use of the restraint chair.

22.   Please identify the purchaser (i.e., Ware County, Ware County Sheriff's Department) of the Restraint Chair utilized to restrain Rufus Rhodes, and provide the date this item was purchased.

23.   Please state how many times a restraint chair has been used in the Ware County Jail.

THIS THE <u>20</u> DAY OF <u>SEPTEMBER</u>, 2004.

                              SAVAGE, TURNER, PINSON & KARSMAN

                     BY: _____
                              Brent J. Savage
                              Georgia Bar No. 627450
                              Kathryn Hughes Pinckney
                              Georgia Bar No. 376110

304 East Bay Street
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140

IN THE SUPERIOR COURT OF THE WAYCROSS JUDICIAL CIRCUIT
PIERCE COUNTY
STATE OF GEORGIA

JULIE RHODES LATHAM,
Individually and as
Administratrix of the Estate of
RUFUS ROBERT RHODES, Deceased,

    Plaintiff,

-vs-

WARE COUNTY, GEORGIA; RONNIE            Civil Action No.
MCQUAIG, in his Official
Capacity as Sheriff of Ware
County, Georgia;  WARE COUNTY
EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official
Capacity as Director of WARE
COUNTY EMERGENCY MEDICAL
SERVICES; AEDEC INTERNATIONAL,
INC.; PETER WROBEL, M.D.; and
BLACKSHEAR FAMILY PRACTICE,
P.C.,

    Defendants.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS WARE COUNTY, GEORGIA, RONNIE MCQUAIG, MARK WALKER and WARE COUNTY EMERGENCY SERVICES

COME NOW the Plaintiffs in this action, pursuant to O.C.G.A. §9-11-34, and require the Defendants to produce for inspection and copying at the offices of the Plaintiffs' attorney of record, Brent J. Savage, Savage, Herndon & Turner, P.C., 304 E. Bay Street, Savannah, Georgia 31412-8969, the following documents within thirty (45) days of the date of service of this request.

Plaintiffs request that, along with the production of documents, a written response be made detailing the documents

produced and any documents covered by these requests which the Defendant objects to producing.

NOTE A:  When used in these Requests for Production of Documents, the terms "you" and "your" are intended to, and shall embrace and include, in addition to you, the named party to whom they are directed, your attorney, the party or parties for whom you are representing, and any and all agents, employees, representatives, private investigators, and others who are in possession of, or may have obtained information for or on your behalf.

NOTE B:  When used in these Request for Production of Documents, the terms "document" and "documents" include, but are not limited to, all paper materials of any kind whether written, typed, printed, punched, filmed or marked in any way; recording tape or wires, transcripts taken from recording tape or wires, film, photographs, movies, x-rays, or any graphic matter however produced or reproduced; all other mechanical or electronic sound recordings or transcripts thereof; correspondence, letters, telegrams, memoranda, statements, reports, records, statistical compilations, test data, instructions, specifications, notes, note books, plans, drawings, sketches, models, plats, maps, blueprints, microfilm, photostats, and all kinds of photocopies, charts, pictures, articles of whatever kind (published or unpublished), drafts of any of the foregoing, and all other

written material, including every copy of an original which is
not identical to the original or where such copy contains any
commentary or notation whatsoever (whether by interlineation,
receipt stamps, notations, indications or copy sent or received,
or otherwise) that does not appear on the original.  Designated
documents are to be taken as including all attachments,
enclosures or other documents that are attached to, relate to, or
refer to such designated document.

   NOTE C:  If any such information, communication, or document
is withheld under a claim of privilege, attorney work product, or
any other objection, identify for each such item of information,
communication or document the person(s) with knowledge of the
information withheld, the parties to any such communication
withheld, the author(s) and the recipient(s) of any document,
communication or information withheld, each person to whom a copy
(copies) of any such document, communication or information was
furnished, the date(s) and subject matter of any such
information, communication or document as to which a privilege is
claimed or to which an objection has been asserted, and the
specific nature of the privilege claimed and/or objection
asserted, as well as a detailed basis for such claim and/or
objection.

   NOTE D:  You are to produce all documents and things
described below to the extent those documents are in your

possession, custody or control or in the possession, custody or control of your counsel, agents, employees or other representatives.

NOTE E:  To the extent that any documents falling within the requests below have been destroyed, lost or misplaced, please identify those documents by type, author, date, number of pages and the date and manner in which the document was destroyed, lost or misplaced.

NOTE F:  List each item or category of items produced and/or whether inspection and related activities will be permitted.

1.  All information or documents containing information relevant to any fact or issue in the pending action, including but not limited to maps, plats, pictures, or drawings, photographs, in the possession or control of Defendant and Defense counsel.

2.  All statements, written or otherwise, or interviews, whether recorded or not, regarding any fact or issue relevant to the prosecution or defense of this action, obtained from anyone, but not limited to any party to this action on your behalf, or in the possession and control of defense counsel.

3.  Copies of any drawings, graphs, charts, photographs, phono records or other data compilations related to the incident which is the subject of Plaintiffs' complaint from which

information can be obtained or translated, if necessary, by the
Defendant through detection devices into reasonable usable form.

4.   Copies of any and all records in the possession of the
Defendant, which pertain to Plaintiff's Decedent Rufus Rhodes.
This request includes, but is not limited to, medical records,
inmate health records, his jail file, or investigation reports.

5.   Copies of any statements obtained from, inmates or other
individuals working at the Ware County Jail, or anyone else who
may have had knowledge of Rufus Rhodes' injuries or any medical
care he may have received while confined to the Ware County Jail.

6.   Copies of any official reports on Rufus Rhodes injuries,
the causes of his injuries, his death, the causes of his death,
or any other reports on Rufus Rhodes.

7.   Copies of all prison log entries concerning Rufus
Rhodes.  This requests includes, but is not limited to, logs
regarding his medical care.  If Defendant objects to producing
any logs or any portion of any logs, state the objection, the
reason for said objection, and provide copies of the log entries
with the objectionable entries redacted.  Indicate where the logs
have been redacted, and specify the type of information that has
been redacted.

8.   Copies of any and all records or other documents
identifies when a medical doctor was actually in the Ware County
jail facility, during the period of Mr. Rhodes' incarceration.

9.   Copies of any and all time records which show the number
of hours worked, or identifies when medical personnel were
actually in the in the Ware County Jail and/or available to
provide medical services to individuals housed therein, for the
time period of Mr. Rhodes' incarceration.

10.   Copies of all records and correspondence concerning the
contract between Ware County, and/or the Sheriff of Ware County,
and Dr. Wrobel and/or Blackshear Family Practice, P.C., regarding
the provision of medical services to individuals housed in the
Ware County Jail.

11.   Copies of any contract between Ware County, and/or the
Sheriff of Ware County, and Dr. Wrobel and/or Blackshear Family
Practice, P.C., regarding the provision of medical services to
individuals housed in the Ware County Jail.

12.   Copies of all records and correspondence concerning the
contract or other arrangement between Ware County, and/or the
Sheriff of Ware County, and the Georgia Department of
Corrections, regarding the housing of inmates pending their
transfer to a correctional institution operated by the state of
Georgia.

13.   Copies of any <u>Mortality reviews</u> concerning Rufus
Rhodes.

14.   Copies of all <u>Assessment Protocols</u> and any other
written instructions or guidelines that specify the steps to be

-6-

taken in appraising a patient's physical status during the period Rufus Rhodes was incarcerated in the Ware County Jail.

15.   Copies of all <u>Treatment Protocols</u> and any other written orders that specify the steps to be taken in appraising a patient's physical status during the period Rufus Rhodes was incarcerated in the Ware County Jail.

16.   Copies of written job descriptions for each position created or intended for the purpose of providing medical care to individuals housed at the Ware County Jail.  This request includes, but is not limited to unit nurses, doctors, or physician assistants providing medical care at the Ware County Jail.

17.   Copies of general guidelines or any other guidelines used by Ware County employees for assessing or providing medical care to inmates.

18.   A complete copy of any and all training manuals used to train individuals providing medical care to inmates housed at the Ware County Jail.

19.   Copies of all correspondence or documentation between the National Commission on Correctional Healthcare (NCCHC) and Ware County or the Sheriff of Ware County to the extent such documents relate to the Ware County Jail for the years 2001, 2002, and 2003.

20.   Copies of all correspondence or documentation between the Medical Association of Georgia and Ware County, or the Sheriff of Ware County, to the extent such documents relate to the Chatham County Sheriff's Complex at anytime during the years 2001, 2002, and 2003.

21.   Copies of all documents, including but not limited to, records, memoranda, notes, or correspondence that show or indicate that Rufus Robert Rhodes took any drugs during the period of his incarceration at the Ware County Jail.

22.   Copies of any materials in the possession of any of the Defendants regarding use of the restraint chair.  This request includes, but is not limited to, any written policy or procedure promulgated by one of these Defendants (or utilized by these Defendants if not authored by them) regarding proper use of the chair and length of time an inmate should be continuously confined to the chair, any monitoring of the inmate while in the chair, and instructions or materials provided by the manufacturer of the chair.

**THIS THE** _20_ **DAY OF** _SEPTEMBER_ , **2004**.

SAVAGE, TURNER, PINSON & KARSMAN

BY: _____

Brent J. Savage
Georgia Bar No. 627450
Kathryn Hughes Pinckney
Georgia Bar No. 376110

304 East Bay Street
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140

IN THE SUPERIOR COURT OF THE WAYCROSS JUDICIAL CIRCUIT
PIERCE COUNTY
STATE OF GEORGIA

JULIE RHODES LATHAM,
Individually and as
Administratrix of the Estate of
RUFUS ROBERT RHODES, Deceased,

    Plaintiff,

-vs-

WARE COUNTY, GEORGIA; RONNIE
MCQUAIG, in his Official
Capacity as Sheriff of Ware
County, Georgia;  WARE COUNTY
EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official
Capacity as Director of WARE
COUNTY EMERGENCY MEDICAL
SERVICES; AEDEC INTERNATIONAL,
INC.; PETER WROBEL, M.D.; and
BLACKSHEAR FAMILY PRACTICE,
P.C.,

    Defendants.

Civil Action No.

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES
## TO DEFENDANTS DR. PETER WROBEL, M.D.

COMES NOW, Plaintiff in the above-styled action, and

requires Defendants Peter Wrobel, M.D., to answer under oath and

in writing the following interrogatories, pursuant to O.C.G.A.

§9-11-33, within forty-five (45) days from the date of service

hereof.

**NOTE A:**   When used in these interrogatories, the phrases

"Defendant", "individual in question", "you", or any synonym

thereof are intended to and shall embrace and include, in

addition to Defendant, individually, Defendant's attorneys,

agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant.

**NOTE B:** Throughout these interrogatories, wherever Defendant is requested to identify a communication or any type and such communication was oral, the following information should be furnished with regard to each such communication:

      (a)  By whom it was made, and to whom;

      (b)  The date upon which it was made;

      (c)  Who else was present when it was made;

      (d)  Whether it was recorded or described in any writing of any type, and if so, identification of each such writing in the manner indicated in Note C below.

**NOTE C:** Throughout these interrogatories, wherever Defendant is requested to identify a communication, letter, documents, memorandum, report, or record of any type and such communication was written, the following information should be furnished:

      (a)  A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);

      (b)  By whom it was made and to whom it was addressed;

      (c)  The date upon which it was made; and

(d)   The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE D:**   Throughout these interrogatories, wherever Defendant is requested to identify a person, the following information should be furnished:

(a)   The person's full name;

(b)   His or her present home and business address and telephone number at each address;

(c)   His or her occupation; and

(d)   His or her place of employment.

**NOTE E:**   These interrogatories shall be deemed continuing to the extent required by law. You are required to: (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identify of each person expected to testify and the substance of his testimony; (2) amend any prior response if you subsequently learn that the original response was incorrect or if you learned that although correctly made, the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment; and (3) provide such other supplementary responses required by law.

-3-

1. Please state your name, age, date of birth, social security number, present home address, marital status, and other names by which you have been known.

2. Please set forth your educational background, including the inclusive dates of attendance at each institution, the general course of studies, and the degree, if any, received.

3. Please list all states in which you have ever held a license to practice medicine, and the current status of each such license.

4. Do you confine your practice to any specialty? If so, state the name of each such specialty and the inclusive dates that you have so practiced.

5. With regard to the specialty set forth in the preceding interrogatory, please state, relative to your training in this medical specialty, the name and address of each institution where you received any training relating to your specialty, the inclusive dates of this training, a description of the training program and the length of time spent in said program.

6. Do you have staff privileges or association with any hospital or other medical care facility? If so, state the name, address, nature of your relationship to said hospital or institution, a description of each staff privilege granted and the dates that such privileges were held.

-4-

7.   Have you ever written or contributed to a medical paper, article or textbook? If so, for each please state its title, whether you were an author or co-author, date of publication, and the name and address of the publisher.

8.   Are you Board Certified in any speciality? If so, please identify the specialty and date(s) on which such certification was granted.

9.   Have you ever had your medical license and/or privileges at any hospital or health care facility questioned, suspended, revoked, curtailed or otherwise modified or changed? If so, describe and explain in detail.

10.   Have you ever been placed on probation at any hospital or healthcare facility or otherwise had your practice suspended or monitored? If so, described and explain in detail.

11.   Have you ever been treated for drug or alcohol addiction? If so, please state location and dates of treatment.

12.   Have you ever been arrested or accused or convicted of any crime, misdemeanor or other public offense, excluding minor traffic violations? If so, list each offense separately, stating the nature of the offense, the date and place of each arrest, accusation, or conviction.

13.   Did the nurse(s) and/or individuals providing medical services to inmates at the Ware County Jail follow and carry out your orders pertaining to the medical care, and/or

-5-

supervision of Rufus Rhodes, in a timely and proper manner? If not, describe/explain in detail.

14. Have you ever been a plaintiff or defendant in a civil lawsuit and/or had any claim made against you prior to the institution of this action? If so, state the names of the parties to the lawsuit and/or claim, the court in which the lawsuit was filed, the date of filing, the nature of the litigation, and the ultimate resolution of the action, i.e., any amounts paid in settlement or any amounts rendered in judgment.

15. As to any policy of liability insurance which would or might inure to the benefit of the Plaintiff herein by providing for payment of a part of or all of any judgment rendered in favor of the Plaintiff against any Defendant, please state the name and address of the insurer of each such policy, the name and address of each insured on each such policy, the policy number of each such policy, and the limits of liability in such policy as same might apply to any one Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident.

16. State the name, address and telephone number of all persons whom you expect to call or may call as an expert witness at trial. With respect to each such person, please state:

(a) The specific subject matter on which you expect such expert to testify;

-6-

(b)  The substance of the facts, opinions and conclusions to which you expect such expert to testify;

(c)  A summary of the factual grounds for each such opinion or conclusion;

(d)  Whether any such person has prepared or provided you with a written or recorded statement or report concerning their investigation, and if so, the name and address of all persons who have a copy of each such report or statement.

17.  What are the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons having knowledge of relevant information, facts or circumstances in this case, known to you?

18.  What are the names, addresses, home telephone numbers, places of employment, job titles or capacities and present whereabouts of all persons who have given written (or verbal reduced to writing) statements covering the facts and circumstances in the incident which is the subject matter of this litigation, listing for each such statement the date of same and by whom the statement was given?

19.  During the time that Rufus Rhodes was under your care and treatment, were you employed by, or in any way affiliated with, any other individual, corporation or other

-7-

entity that was in any way associated in providing services to Plaintiff? If so, please state the name, address and telephone number of such person/entity, the date(s) of such employment or association, and the nature of the relationship between you and such person/entity.

20.  Do you, or does anyone acting in your behalf, have or know of any photographs, diagrams, sketches or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint? If so, identify same with sufficient particularity to satisfy a Request for Production of Documents.

21.  Please state in detail the factual and legal basis for each and every defense you raised in your answer to Plaintiff's Complaint.

22.  Please describe in detail your relationship with Ware County and/or the Sheriff of Ware County for the year 2003, the basis of that relationship, and the length of time such relationship existed.

-8-

THIS THE ___20___ DAY OF ___SEPTEMBER___, 2004.

SAVAGE, TURNER, PINSON & KARSMAN

BY: _____
Brent J. Savage
Georgia Bar No. 627450
Kathryn Hughes Pinckney
Georgia Bar No. 376110

304 East Bay Street
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140

-9-

**IN THE SUPERIOR COURT OF THE WAYCROSS JUDICIAL CIRCUIT**
**PIERCE COUNTY**
**STATE OF GEORGIA**

JULIE RHODES LATHAM,
Individually and as
Administratrix of the Estate of
RUFUS ROBERT RHODES, Deceased,

     Plaintiff,

-vs-

WARE COUNTY, GEORGIA; RONNIE
MCQUAIG, in his Official
Capacity as Sheriff of Ware
County, Georgia;  WARE COUNTY
EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official
Capacity as Director of WARE
COUNTY EMERGENCY MEDICAL
SERVICES; AEDEC INTERNATIONAL,
INC.; PETER WROBEL, M.D.; and
BLACKSHEAR FAMILY PRACTICE,
P.C.,

     Defendants.

Civil Action No.

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT BLACKSHEAR FAMILY PRACTICE, P.C.

COMES NOW, Plaintiff in the above-styled action, and
requires Defendant Blackshear Family Practice, P.C., to answer
under oath and in writing the following interrogatories, pursuant
to O.C.G.A. §9-11-33, within forty-five (45) days from the date
of service hereof.

**NOTE A:**   When used in these interrogatories, the phrases
"Defendant", "individual in question", "you", or any synonym
thereof are intended to and shall embrace and include, in
addition to Defendant, individually, Defendant's attorneys,

agents, servants, employees, representatives, private
investigators, insurance adjusters, and all others who are in
possession of, in control of, or may have obtained information
for or on behalf of Defendant.

**NOTE B**: Throughout these interrogatories, wherever
Defendant is requested to identify a communication or any type
and such communication was oral, the following information should
be furnished with regard to each such communication:

    (a) By whom it was made, and to whom;

    (b) The date upon which it was made;

    (c) Who else was present when it was made;

    (d) Whether it was recorded or described in any
        writing of any type, and if so, identification of
        each such writing in the manner indicated in Note
        C below.

**NOTE C**: Throughout these interrogatories, wherever
Defendant is requested to identify a communication, letter,
documents, memorandum, report, or record of any type and such
communication was written, the following information should be
furnished:

    (a) A specific description of its nature (e.g.,
        whether it is a letter, a memorandum, etc.);

    (b) By whom it was made and to whom it was addressed;

    (c) The date upon which it was made; and

-2-

    (d)  The name and address of the present custodian of
the writing or, if not known, the name and address
of the present custodian of a copy thereof.

**NOTE D:**  Throughout these interrogatories, wherever
Defendant is requested to identify a person, the following
information should be furnished:

    (a)  The person's full name;

    (b)  His or her present home and business address and
telephone number at each address;

    (c)  His or her occupation; and

    (d)  His or her place of employment.

**NOTE E:**  These interrogatories shall be deemed continuing
to the extent required by law. You are required to: (1)
seasonably supplement any response directed to the identity and
location of persons having knowledge of discoverable matters as
well as the identify of each person expected to testify and the
substance of his testimony; (2) amend any prior response if you
subsequently learn that the original response was incorrect or if
you learned that although correctly made, the original response
is no longer true and the circumstances are such that a failure
to amend the response is, in substance, a knowing concealment;
and (3) provide such other supplementary responses required by
law.

    1.  Please state the full name, current residence address,

-3-

business address, age, date of birth, social security number, and occupation of the person answering these interrogatories on behalf of this Defendant.

2. State the name, home address, business address, and job title of all witness known to Defendant who:

> (a) Worked at or were present at Blackshear Family Practice during the month of August, 2003, and who may have any knowledge of any relevant facts or information regarding the medical care and treatment of Rufus Robert Rhodes.

> (b) Have knowledge of any relevant information, facts, or circumstances involved in this case whose names have not previously been given.

3. As a result of the incident comprising the subject matter of this case or at any time, do you know of any photographs, motion pictures, videotapes, surveys, charts, plats, drawings, etc. which were made or obtained (at any time) of Rufus Rhodes or any other person, place or thing relevant to any issue in this case. If so, then, please identify and describe such items, state the name and address of the person who has custody and/or control of the same, when such items were made, and identify the person or persons who made or took them.

4. If any statements (whether written, oral, recorded or otherwise) were obtained from any person (including the

-4-

Plaintiff's decedent or any Defendants in this action) in connection with the incident complained of in this case, please identify and state the names and addresses of all persons giving such statements, the dates given, the person who took any such statements, and the persons who presently have custody and/or control of the same.

5. As to each person whom this Defendant expects to call as an expert witness at the trial, please identify by giving the following: his or her name, area of expertise or speciality, office address, residence address, office telephone number and residence telephone number; the subject matter upon which each is expected to testify; and the substance of the facts and opinions to which each is expected to testify, and a summary of the grounds for each such opinion.

6. With respect to any book, textbook, treatise or article which you or those expert witnesses who will or may be called to testify have read, considered, used, will rely upon or will use or present at trial in support of any testimony or opinions concerning relevant facts or matters at issue in this case, please state the name of the publication, the article, the author, the publisher and the date and volume number of the publication and article.

7. Please identify each document which you claim supports relevant facts or contentions made by the Defendant in this case.

-5-

8.   Please identify and describe each drawing, model,
photograph, videotape or other relevant depiction or item of
documentary evidence which has been obtained or prepared by or on
behalf of this Defendant for use a trial, or alternatively, each
such item which will be used at trial, and with respect to each
such item, please identify those persons who: suggested
preparation or use of such item; prepared such items; supervised
in any way the preparation of such items; and with respect to
each such item, state the date or approximate dates the events
identified above occurred.

9.   Please identify and give the name, home address,
business address, telephone number, occupation and job title of
each nurse, doctor or other person employed by Blackshear Family
Practice, P.C., who participated in the care, observation,
monitoring, diagnosis and/or treatment of Rufus Robert Rhodes,
and provide a brief description of their participation in that
regard.

10.   Has Defendant ever had a claim made against it or
presented to it for any matter arising out of the care and
treatment of any patient? If the answer is in the affirmative,
for each such claim, state the following: the date and place it
was made; the name and address of the person or persons who made
it; the basis of the claim, indicating the type and extent of the
injury or damages claimed; the outcome of each such claim; and

-6-

whether a lawsuit was filed, and, if so, the name of the
plaintiff's attorney, the court in which it was filed, and its
disposition.

11.  Please describe by name, address and telephone number
any doctors, hospitals, medical service providers, or other
persons or entities who provided services to or have information
about Rufus Robert Rhodes from whom you or your representatives
have requested, obtained or received any information, documents
and/or records, stating the date and manner in which such
information, documents and/or records were requested, by whom
such request was made, from whom such documents were requested,
and the date and method by which the same were obtained and
received.

12.  Please state whether or not this Defendant was covered
by any liability insurance policy, whether primary or excess
coverage, for any claims arising out of this incident, and, if
so, please state the name of each such company, their address,
telephone number, the policy number or numbers, the named insured
of each such policy, the amount of liability coverage under each
policy, whether the company had been notified of Plaintiff's
claim, whether defense of this action has been tendered by such
company, and that company's response to such notifications.

13.  Do you contend that any person, firm, physician, nurse,

-7-

the injuries of Rufus Robert Rhodes, either by actions undertaken or by failure to act, and, if so, for each such person, please state his, her or its name, address and job title or capacity, the relevant facts upon which you base your contention with respect to each such person, and identify any relevant documents that support or form the basis of your contention.

14. Was any hospital or other meeting held at which any occurrence complained of in this action was reviewed or discussed? If so, for each meeting state the date and place it was held; the purpose for which it was held; the name and address of each person present; an account of the discussion held in connection with each occurrence complained of in this action; and whether any written memoranda or minutes were made.

THIS THE _2D_ DAY OF _SEPTEMBER_, 2004.

SAVAGE, TURNER, PINSON & KARSMAN

BY: _____
Brent J. Savage
Georgia Bar No. 627450
Kathryn Hughes Pinckney
Georgia Bar No. 376110

304 East Bay Street
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140

-8-

## IN THE SUPERIOR COURT OF THE WAYCROSS JUDICIAL CIRCUIT
## PIERCE COUNTY
## STATE OF GEORGIA

JULIE RHODES LATHAM,
Individually and as
Administratrix of the Estate of
RUFUS ROBERT RHODES, Deceased,

     Plaintiff,

-vs-

WARE COUNTY, GEORGIA; RONNIE
MCQUAIG, in his Official
Capacity as Sheriff of Ware
County, Georgia;  WARE COUNTY
EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official
Capacity as Director of WARE
COUNTY EMERGENCY MEDICAL
SERVICES; AEDEC INTERNATIONAL,
INC.; PETER WROBEL, M.D.; and
BLACKSHEAR FAMILY PRACTICE,
P.C.,

     Defendants.

Civil Action No.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT AEDEC INTERNATIONAL, INC.

**COMES NOW** Plaintiff in the above-styled action, and pursuant to O.C.G.A. §9-11-34, requires that Defendant Aedec International, Inc. produce for inspection and copying at the offices of the Plaintiff's attorney of record, Brent J. Savage of Savage, Turner, Pinson & Karsman, Post Office Box 10600, Savannah, Georgia 31412, the following documents within forty-five (45) days of the date of service of this request.

Page 1

Plaintiff requests that, along with the production of documents, a written response be made detailing the documents produced and any documents covered by these requests which the Defendant objects to producing.

**NOTE A:**    These requests are continuous and should be supplemented if additional information is received at a later date.

**NOTE B:**    When used in this request for production of documents, the term "restraint chair" includes, but is not limited to any chair-like device utilized for the purpose of restraining individuals.  This term includes the "Deluxe Safety Chair," Model Number RC1300, and the "Prostraint Violent Prisoner Chair."

**NOTE C:**    If documents requested are not in the Defendant's possession, please state as follows:

        (1)    name of person who has possession or knowledge of the whereabouts of these documents;

        (2)    business address of such person;

        (3)    business telephone number of such person.

**NOTE D:**    If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

1.   All witness statements related to the incident complained of in the Complaint.

2.   A copy of any insurance policy which affords liability insurance coverage relating to the matter alleged in the complaint.

3.   A copy of any photographs taken of any persons or scene of the incident.

4.   A copy of any photographs, maps, plates, drawings, diagrams, videos, or other demonstrative evidence depicting any subject matter which is deemed relevant to any aspect of this case which is discoverable.

5.   A copy of any accident/incident reports generated by you relating to the incident described in Plaintiff's Complaint.

6.   A copy of any documents referenced in your response to Plaintiff's Interrogatories.

7.   Any document which you will rely on in the defense of this action.

8.   Any written opinions by any expert witness you intend to call at trial.

9.   A copy of any and all physical evidence you intend to produce at the trial of this case.

10.   A copy of all incident reports or other documentation generated as a result of any type of accident or

Page 3

**IN THE SUPERIOR COURT OF THE WAYCROSS JUDICIAL CIRCUIT**
**PIERCE COUNTY**
**STATE OF GEORGIA**

JULIE RHODES LATHAM,
Individually and as
Administratrix of the Estate of
RUFUS ROBERT RHODES, Deceased,

     Plaintiff,

-vs-

WARE COUNTY, GEORGIA; RONNIE
MCQUAIG, in his Official
Capacity as Sheriff of Ware
County, Georgia;  WARE COUNTY
EMERGENCY MEDICAL SERVICES;
MARK WALKER, in his Official
Capacity as Director of WARE
COUNTY EMERGENCY MEDICAL
SERVICES; AEDEC INTERNATIONAL,
INC.; PETER WROBEL, M.D.; and
BLACKSHEAR FAMILY PRACTICE,
P.C.,

     Defendants.

Civil Action No.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT AEDEC INTERNATIONAL, INC.

**COMES NOW** Plaintiff in the above-styled action, and requires Defendant Aedec International, Inc.,  to answer under oath and in writing the following interrogatories, pursuant to O.C.G.A. §9-11-33 within forty five (45) days from the date of service hereof.

**NOTE A:**   When used in these interrogatories, the phrase "Defendant", "individual in question", "you" or any synonym thereof are intended to and shall embrace and include, in

Page 1

addition to Defendant individually, its attorneys, agents, servants, employees, representatives, private investigators, insurance adjusters, and all others who are in possession of, in control of, or may have obtained information for or on behalf of Defendant.

**NOTE B:**   When used in these interrogatories, the term "restraint chair" includes, but is not limited to any chair-like device utilized for the purpose of restraining individuals.  This term includes the "Deluxe Safety Chair," Model Number RC1300, and the "Prostraint Violent Prisoner Chair."

**NOTE C:**   Throughout these interrogatories, wherever Defendant is requested to identify a communication of any type and such communication was oral, the following information should be furnished with regard to each such communication:

(a)   By whom it was made, and to whom;

(b)   The date upon which it was made;

(c)   Who else was present when it was made;

(d)   Whether it was recorded or described in any writing of any type and, if so, identification of each such writing in the manner indicated in Note C below.

**NOTE D:**   Throughout these interrogatories, wherever Defendant is requested to identify a communication, letter, document, memorandum, report or record of any type and such

Page 2

communication was written, the following information should be furnished:

> (a)   A specific description of its nature (e.g., whether it is a letter, a memorandum, etc.);
>
> (b)   By whom it was made and to whom it was addressed;
>
> (c)   the date it was made; and
>
> (d)   The name and address of the present custodian of the writing or, if not known, the name and address of the present custodian of a copy thereof.

**NOTE E:**   Throughout these interrogatories, wherever Defendant is requested to identify a person, the following information should be furnished:

> (a)   The person's full name;
>
> (b)   His or her present home and business address and telephone number at each address;
>
> (c)   His or her occupation; and
>
> (d)   His or her place of employment.

**NOTE F:**   These interrogatories shall be deemed continuing to the extent required by law.  You are required to (1) seasonably supplement any response directed to the identity and location of persons having knowledge of discoverable matters as well as the identity of each person expected to be called as a witness at trial, the subject matter on which he or she is expected to testify and the substance of his or her testimony;

Page 3

(2) amend any prior response if you subsequently learn that the original response is no longer true and the circumstances are such that a failure to amend the response is, in substance a knowing concealment; and (3) provide such other supplementary responses required by law.

1.   Please state the names, addresses, and telephone numbers of all witnesses known to you who say or who claim they know anything of the occurrence complained of in this action.

2.   Please state the names, addresses and telephone numbers of all persons who have given statements, whether written or oral to you, your attorney, your insurance carrier, or anyone else to our knowledge, covering the facts and circumstances of the incident that is the subject matter of this litigation, listing for each such statement, the date of the same, to whom the statement was given, and who is in possession of such statement.

3.   Please give your contentions of how the incident complained of happened, the actions of all individuals involved, and the reason that the chair collapsed.

4.   If you contend that some other person or legal entity is, in whole or in part, liable to the Plaintiff in this matter, state its full name, address and telephone number and describe in detail the basis of such liability.

5.   Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the

Page 4

matter alleged in the complaint, the number or numbers of such policies, the amount of liability coverage provided in each policy, the named insured in the same, and whether said policy excludes coverage for punitive damages.

6.   Set forth the names and addresses of each person who has investigated and/or made studies, or taken any statements related to the incident complained of in the complaint.

7.   Please state the following in regard to every document which you contend is relevant in this case to Plaintiff's Complaint or any defense raised by a party:

(a)   The date, title, and a summary of the contents of said document;

(b)   The name and address of the author of the document; and

(c)   The name and address of the custodian of the document.

9.   Identify the full name, address and telephone number of each expert, including medical witnesses, whom you expect to call as an expert witness at the trial of this case and, as to each expert so identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Page 5

10.   Do you contend there are any admissions made by the plaintiff, the decedent, or any other party in this case?  If the answer is in the affirmative, and any purported admission was oral, please state the date the admission was made, and the witnesses to said admissions.  If the admission was made in writing, please state the title of the document, the name of the author of the document, a summary of the contents of the document, the date of the document, and the name, address and telephone number of the custodian of the document.

11.   Identify all evidence -- including documents, physical evidence and witnesses possession knowledge of such evidence -- which you contend supports your defenses as set forth in your Answer.

12.   Were any photographs, maps, plates, drawings, diagrams, investigative material, or other documents depicting any subject matter which is deemed relevant to any aspect of this case compiled, taken, made, prepared, or obtained by you or on your behalf?  If so, please state:

      (a)   Date and by whom material was prepared;

      (b)   The name and address of the person in possession of same.

13.   Is the Defendant's name correctly stated in the complaint on file in this action?  If not, state the correct designation of Defendant.

14.   Were there other persons, corporations or firms involved in the operation, design, or manufacture of the "restraint chair" described in Plaintiff's Complaint?  If so, state the full name, etc., of each such person, corporation or firm and what such interest was.

15.       Please provide, in chronological order, a list of all different model numbers of any "restraint chair" manufactured, marketed, or sold by your company.

18.   Has this Defendant had any prior complaints made about any of its restraint chairs either 1) not being properly designed or manufactured, or 2) not being reasonably suited to their intended use; 3) that the entities using the restraint chairs were not properly warned or instructed as to its proper use, including but not limited to the suitable length of time an individual could be confined to the chair without a break; and 4) that the restraint chair was defective in anyway?  If so, please state:

(a)   the name of the complainant;

(b)   the date of the complaint;

(c)   the name of the person who received the complaint;

(d)   the general nature of the complaint; and

(e)   the actions taken by Defendant in response to the complaint.

Page 7

19.   Have any lawsuits been filed against this Defendant alleging that any of its restraint chairs were not properly designed or manufactured or that any of its restraint chairs were defective in anyway?  If so, please state:

     (a)   the style of the lawsuit;

     (b)   the name and address of the attorneys representing the plaintiff;

     (c)   the disposition or status of the case; and

     (d)   the general allegations made against Defendant.

20.   How is the restraint chair marketed, or advertised for use in law enforcement facilities?

21.   Please give a list of all trade shows at which Aedec International, Inc. (or is representative) has either attended in person to promote any of its restraint chairs, or provided promotional information for use at, regarding any of its restraint chairs.

Page 8

**THIS THE** 20 **DAY OF** SEPTEMBER , **2004.**

SAVAGE, TURNER, PINSON & KARSMAN

BY: _____
Brent J. Savage
Georgia Bar No. 627450
Kathryn Hughes Pinckney
Georgia Bar No. 376110

304 East Bay Street
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140

Page 9