OFFICIAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JULIE RHODES LATHAM, ) | |
| Individually and as Administratrix of ) | |
| the Estate of RUFUS ROBERT RHODES. ) | |
| Deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v                                      ) | Civil Action No. CV504-098 |
| ) | |
| WARE COUNTY, GEORGIA; RONNIE ) | |
| MCQUAIG, in his Official Capacity as Sheriff ) | |
| of Ware County, Georgia, WARE COUNTY ) | |
| EMERGENCY MEDICAL SERVICES; ) | |
| MARK WALKER, in his Official Capacity as ) | |
| Director of WARE COUNTY EMERGENCY ) | |
| MEDICAL SERVICES; AEDEC ) | |
| INTERNATIONAL, INC.; PETER ) | |
| WROBEL, M.D., and BLACKSHEAR ) | |
| FAMILY PRACTICE. P.C., ) | |
| ) | |
| Defendants                             ) | |

## ANSWER OF AEDEC INTERNATIONAL, INC.

COMES NOW AEDEC International, Inc. ("AEDEC") and files its Answer to Plaintiff's

Complaint as follows:

### First Defense

Plaintiff's Complaint fails to state a claim against AEDEC upon which relief may be

granted and should be dismissed

### Second Defense

The allegations contained in the Complaint fail to state a claim for strict liability against

AEDEC upon which relief can be granted.

### Third Defense

Plaintiff cannot recover against AEDEC because a manufacturer of a product owes no

duty to warn of obvious common dangers connected with the use of such product

## Fourth Defense

Plaintiff's claims against AEDEC are barred by the sophisticated and/or expert user doctrine.

## Fifth Defense

The sole and proximate cause of the incident complained of was the acts or omissions of persons other than AEDEC. Plaintiff is therefore barred from any recovery from AEDEC.

## Sixth Defense

The allegations contained in the Complaint against AEDEC fail to state a claim for attorneys fees under O.C.G.A §13-6-11 upon which relief can be granted.

## Seventh Defense

The allegations contained in the Complaint against AEDEC fail to state a claim for punitive damages under O.C.G.A. §51-12-5 1 upon which relief can be granted.

## Eighth Defense

Defendant AEDEC responds to the enumerated allegations of Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint

5

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph  7 of Plaintiff's Complaint

8.

AEDEC admits the allegations contained in paragraph 8 of Plaintiff's Complaint

9.

AEDEC admits only that jurisdiction and venue are proper in the United States District Court for the Southern District of Georgia, Waycross Division.

**FACTUAL ALLEGATIONS**

10.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint

11.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint

15.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of Plaintiff's Complaint

19.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint

21.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

AEDEC denies the allegations of paragraph 25 of Plaintiff's Complaint as to it   As to the remaining Defendants, AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

## CAUSES OF ACTION

## COUNT ONE

### Liability of Ware County, Georgia, Mark Walker, and Ware County Emergency Medical Services for Breach of Duty to Provide Medical Care in Jail

26.

AEDEC reincorporates as if set forth verbatim its responses to paragraph 1 through 25 herein.

27.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

## COUNT TWO

### 42 U.S.C. §1983

### Liability of Ware County, Georgia, Mark Walker, and Ware County Emergency Medical Services for Failure to Provide Adequate Medical Care

30.

AEDEC reincorporates as if set forth verbatim its responses to paragraph 1 through 29 herein.

31.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.

AEDEC denies the allegations of paragraph 32 of Plaintiff's Complaint as to AEDEC. As to the remaining Defendants. AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 32 of Plaintiff's Complaint

33.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

## COUNT THREE

## 42 U.S.C. §1983

### Liability of Sheriff Ronnie McQuaig in his Official Capacity as Sheriff of Ware County, Georgia

35.

AEDEC reincorporates as if set forth verbatim its responses to paragraph 1 through 34 herein.

36.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 37 of Plaintiff's Complaint

38.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

## COUNT FOUR

### Respondeat Superior as to Sheriff Ronnie McQuaig, in his Official Capacity of Ware County, Georgia

42.

AEDEC reincorporates as if set forth verbatim its responses to paragraph 1 through 41 herein

43.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

## COUNT FOUR

### Medical Professional Negligence Against
### Peter Wrobel, M.D. and Blackshear Family Practice

46.

AEDEC reincorporates as if set forth verbatim its responses to paragraph 1 through 45 herein.

47.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

## COUNT EIGHT

### Products Liability Against AEDEC, Inc.

51.

AEDEC reincorporates as if set forth verbatim its responses to paragraph 1 through 25 herein.

52.

AEDEC does not presently have sufficient information or knowledge upon which to admit or deny the allegations of paragraph 52 of Plaintiff's Complaint, therefore the allegations stand denied.

53.

AEDEC denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.

AEDEC denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.

AEDEC denies the allegations contained in paragraph 55 of Plaintiff's Complaint

## COUNT NINE

### Strict Product Liability as to AEDEC

56.

AEDEC reincorporates as if set forth verbatim its responses to paragraph 1 through 55 herein

57.

AEDEC denies the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.

AEDEC denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.

AEDEC denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.

AEDEC denies the allegations contained in paragraph 60 of Plaintiff's Complaint.

## COUNT TEN

### Claim for Punitive Damages as to All Defendants

61.

AEDEC reincorporates as if set forth verbatim its responses to paragraph 1 through 60 herein.

62

AEDEC denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

63.

AEDEC denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

## COUNT ELEVEN

### Claim for Attorneys Fees Pursuant to 42 U.S.C. §1988

64.

AEDEC reincorporates as if set forth verbatim its responses to paragraph 1 through 63 herein.

65.

AEDEC is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

66.

AEDEC denies the allegations contained in paragraph 66 of Plaintiff's Complaint.

## COUNT TWELVE

### Claim for Attorneys Fees as to All
### Defendants under Georgia State Law

67.

AEDEC reincorporates as if set forth verbatim its responses to paragraph 1 through 66 herein.

68.

AEDEC denies the allegations contained in paragraph 68 of Plaintiff's Complaint

69.

AEDEC denies the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.

AEDEC denies any remaining allegations that it has not specifically admitted herein.

### CLAIMS FOR RELIEF

WHEREFORE, AEDEC prays as follows:

a.  That AEDEC be given a trial by jury;

b.  That judgment be awarded in favor of AEDEC and against Plaintiff;

c.  That all costs and expenses of litigation be cast against Plaintiff; and

d.  That AEDEC receive such other relief as this Court deems just and proper.

This 27 day of October, 2004.

OLIVER MANER & GRAY, LLP

PATRICK T. O'CONNOR
Georgia Bar No. 548425
TIMOTHY D. ROBERTS
Georgia Bar No. 609795

Attorneys for AEDEC

P O Box 10186
Savannah, GA 31412
912-236-3311

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JULIE RHODES LATHAM,                          )
Individually and as Administratrix of         )
the Estate of RUFUS ROBERT RHODES,            )
Deceased,                                     )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )  Civil Action No. CV504-098
                                              )
WARE COUNTY, GEORGIA; RONNIE                  )
MCQUAIG, in his Official Capacity as Sheriff  )
of Ware County, Georgia; WARE COUNTY          )
EMERGENCY MEDICAL SERVICES;                   )
MARK WALKER, in his Official Capacity as      )
Director of WARE COUNTY EMERGENCY             )
MEDICAL SERVICES; AEDEC                       )
INTERNATIONAL, INC.; PETER                    )
WROBEL, M.D . and BLACKSHEAR                  )
FAMILY PRACTICE, P.C.,                        )
                                              )
        Defendants.                           )

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing **Answer of AEDEC**

has this date been served on the parties listed below by depositing same in the United States Mail,

adequate postage affixed thereto, and addressed as follows.

Brent Savage
Savage, Turner, Pinson & Karsman
P.O. Box 10600
Savannah, Georgia 31412

Richard K. Strickland, Esq
Whelchel, Brown, Readdick & Bumgartner, LLP
5 Glynn Avenue
P.O. Box 220
Brunswick, GA 31521-0220

Wiley A. Wasden, III, Esq.
Peter A. Guisti, Esq.
Brennan & Wasden
P.O. Box 8047
Savannah, GA 31412

This __27__ day of October, 2004.

OLIVER MANER & GRAY, LLP

_____
PATRICK T. O'CONNOR
Georgia Bar No. 548425
TIMOTHY D. ROBERTS
Georgia Bar No. 609795

Attorneys for AEDEC

P.O. Box 10186
Savannah, GA 31412
912-236-3311